ELLEN S. WINTERMUTE, Appellant, v. B. F. HEINLY,
Executor, Appellee.

Will: CONSTRUCTION : EQUITY.    One claiming to be an heir of a testa-
tor, and also a devisee and legatee under his will, is entitled to
maintain a suit in equity to obtain a construction of such will,
and have his interest as devisee and legatee, if the will be valid, or
as heir, if it be invalid, determined, and have an accounting with
the executor for his share in the estate, and an order for the pay-
ment of the same.

*Appeal from Muscatine District Court.*—HON. A. HOWAT, Judge.

FRIDAY, OCTOBER 17, 1890.

ACTION in chancery for the construction of a will. A demurrer to the petition was sustained. Plaintiff appeals.

*Richman & Burk* and *E. F. Richman*, for appellant.

*J. H. Monroe* and *Jayne & Hoffman*, for appellee.

BECK, J.—I.   The petition alleges that plaintiff is an heir, devisee and legatee of Joseph Heinly, her deceased father.   She sets out a copy of the will, which, she alleges, is uncertain and ambiguous in its provisions, and doubtful as to its interpretation.   The will is shown to contain divers devises and bequests to the testator's heirs, but provides that the executor, who is made a defendant, shall hold the share of one of the heirs in trust, and that the entire income of the estate be paid to testator's wife; and that the devises and bequests take effect at the expiration of ten years after the testator's death.   The provisions of the will need not be further recited.   It is alleged in the petition that the executor has advanced divers sums of money to certain heirs and devisees.   The relief prayed for is that the will be construed, if it be found valid as to plaintiff's interest, and, if found so uncertain and ambiguous that the testator's intentions cannot be discovered, it be set aside; and, if the will be supported, it is prayed that the executor be required to account for moneys paid by him, and that he be required to show what sums are due to plaintiff, and be required to pay the same.   General equitable relief is also prayed for in the petition.

II.   In a case quite like in its facts to the one before us this court has construed a will in an action brought by heirs, legatees and devisees.   *Howard v. Smith*, 78

Iowa, 74. That parties so interested in an estate may maintain such an action is recognized by other authorities. *Wager v. Wager*, 89 N. Y. 161; 1 Williams, Ex'rs, 294; 6 Wait, Act. & Def. 381; 3 Wait, Act. & Def. 146. Two New York and two Ohio decisions are cited to support a different rule. We think they are not in conflict with the rule recognized by this court. *Bailey v. Briggs*, 56 N. Y. 407; *Chipman v. Montgomery*, 63 N. Y. 221; *Corry v. Fleming*, 29 Ohio St. 147; *Bowen v. Bowen*, 38 Ohio St. 426.

III. It will be observed that plaintiff is interested in the property of the estate as a devisee, legatee or heir; that the executor has paid money of the estate to heirs and devisees. It is shown by the petition that plaintiff has an interest in the property of the estate, which is held by the executor. Plaintiff prays that her interest therein may be determined, and that the executor may be required to show what sums are due to her, and that he be required to pay the same. She prays also for general relief. It cannot be doubted that the petition shows a cause of action under which the plaintiff is entitled to the relief prayed for in the petition. She is entitled to call upon the executor who holds funds and property in which she has an interest to disclose that interest, and account therefor, and to pay any sum that may be found due her. It is plain that the relief to which plaintiff may be entitled cannot be determined without an interpretation of the will. If it be so ambiguous and uncertain as to be void, her interest is that of an heir; and, if the will be sustained, her interest, and the time when distribution under it shall be made, will be determined by the interpretation put upon its provisions. These considerations lead us to the conclusion that the court below erred in sustaining defendant's demurrer to plaintiff's petition. REVERSED.