199      77
f220     355

# Keiser, Executrix, Appellant, *v.* Keiser.

*Will—Advancements—Judgment.*

Where testator directs that "all amounts charged against my respective children shall be considered as so much received on account of their respective inheritance, and all moneys charged against or owing to me by any of my daughters-in-law or by my son-in-law, whether the statute of limitations shall have barred such claims or not, shall be deducted from the shares of the husbands of such daughters-in-law, respectively, or from the share of the wife of such son-in-law," the executrix of testator cannot before the settlement of the estate enter up a judgment note given by a daughter-in-law to testator, and proceed to issue execution thereon.

Argued March 5, 1901. Appeal, No. 22, Jan. T., 1901, by plaintiff, from order of C. P. Berks Co., Oct. T., 1899, No. 11, restraining the issuing of an execution, and making absolute a rule to open judgment, in case of Hannah Keiser, Executrix of David Keiser, Deceased, v. Ida E. Keiser. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Rule to restrain execution and open judgment.

ERMENTROUT, P. J., filed the following opinion:

On June 27, 1895, Ida E. Keiser, wife of Abner S. Keiser, a son of David Keiser, made and executed a judgment note to the said David Keiser for $13,384.66. After the death of the said David Keiser, Hannah Keiser, his executrix, entered up the judgment note and issued various executions thereon. Whereupon Ida E. Keiser, alleging that under the will of the said David Keiser she was not expected or required to repay the said money into the estate, but that the same was to await the settlement of the estate, and was then to be deducted from the share coming to said Abner S. Keiser or his representatives, presented her petition and obtained this rule. The rights of the parties, therefore, involve a construction of the will of the said David Keiser. His will and codicil were both made and executed on August 7, 1895, and upon his death, March  , 1897, were, upon March 29, 1897, duly probated. In his will, after the usual directions for the payment of his just debts and funeral expenses, there is, inter alia, set forth the following items:

" Item. All the rest, residue and remainder of my estate, real, personal and mixed of whatever nature or kind soever and wheresoever the same shall be at the time of my death I give, devise and bequeath unto my true, faithful and beloved wife Hannah for and during the term of her natural life and after her decease to my children in equal shares.

"All amounts charged against my respective children shall be considered as so much received on account of their respective inheritance, and all moneys charged against or owing to me by any of my daughters-in-law or by my son-in law, whether the statute of limitations shall have barred such claims or not, shall be deducted from the shares of the husbands of such daughters-in-law, respectively, or from the share of the wife of such son-in-law.

" The share of my son Charles W. Keiser shall belong to him but for life and shall be paid to and invested by some trustee to be appointed by the Orphans' Court of Berks County, the interest to be paid quarter-yearly to the said Charles for life, and upon his death the said interest shall be paid in like manner to his wife during her widowhood. Upon the decease of the survivor of them the principal sum shall be paid to or divided equally among the child or children of the said Charles the child or children of a deceased child to represent the parent.

" Should the said Charles have no child living at the time of his decease the said principal sum shall be divided among the brothers and sisters of the said Charles equally, the children of a deceased brother or sister to represent the parent.

" In no event shall the principal or income of the said Charles' share be liable in any way or manner whatsoever for any of the debts, liabilities or engagements of my said son Charles or his widow or to any attachment or execution or proceeding in the nature thereof nor shall the income thereof be assignable or parted with by anticipation in any wise."

On the same day he added this codicil :

" The share of my son Abner S. Keiser shall belong to him but for life, and shall be paid to and invested by some trustee to be appointed by the Orphans' Court of Berks County, the interest to be paid quarter-yearly to the said Abner S. for life and upon his death the said interest shall be paid in like manner to his wife during her widowhood. Upon the decease of the sur-

vivor of them the principal sum shall be paid to or divided equally among the child or children of the said Abner S., the child or children of a deceased child to represent the parent. Should the said Abner S. have no child living at the time of his decease the said principal sum shall be divided among the brothers and sisters of the said Abner S. equally, the children of a deceased brother or sister to represent the parent. In no event shall the principal or income of the said Abner's share be liable in any way or manner whatsoever for any of the debts, liabilities or engagements of my son Abner S., or his widow or to any attachment or execution or proceedings in the nature thereof nor shall the income thereof be assignable or parted with by anticipation in any wise."

There are certain well known principles in the interpretation of wills which hardly require a citation of authorities to sustain. The intention of the testator must be gathered from the four corners of the instrument, and the will must receive such a construction, if possible, as will enable every clause in it to have its full force and effect. The mere technical rules of construction must give way to the plainly expressed intention of the testator : Wright's App., 89 Pa. 67 ; Eichelberger's Est., 135 Pa. 160 ; Newbold v. Boone, 52 Pa. 167 ; Hart v. Stoyer, 164 Pa. 523.

If the intention of the testator was to make the different charges of bonds referred to in this will advancements, it is immaterial whether they were called advancements or debts. The two first above cited authorities conclusively show that the two words are sometimes used interchangeably.

When the testator made his will, it is clear that he firmly believed he was the possessor of a large and valuable estate, large enough to permit the payment of all moneys charged against or owing him by any daughter-in-law or son-in-law, from the shares of their respective husbands or wife, and leave a handsome surplus for investment as a trust estate. The creation of the trust estates mentioned in the will are necessarily predicated upon the assumption of the existence of funds for that purpose. For example, in the case of Abner S. Keiser, the interest of this trust fund was considered an available fund for him for life, for his wife for life, and then for his children. That after his death this assumption may or may not have been

dissipated, does not do away with this evident belief on his part. It is immaterial whether, as contended for on the one hand, the estate is worth more than $80,000, or, on the other hand, very much less than this figure. In either event the amount now will not help us in the determination of the case.

He desired to be fair to all his children. Although some were improvident or unfortunately in debt, necessitating the creation of spendthrift trusts for their protection, there were no favorites. Perfect equality in the distribution between them seems to be his first and prominent thought. He says, " after her (the wife's) decease, to my children in equal shares."

He contemplated keeping a family book wherein charges were entered against children, daughters-in-law and son-in-law. " Moneys charged " and " moneys owing " seem to be used interchangeably. The statute of limitations is not a bar to such claims. Combining all these matters in one item, he seems to us to have stamped upon all of them the character of advancements. Thus to construe this item would be in accordance with that equality of distribution which seems to be the keynote of this will; and if an advancement, the executrix must be restrained from any proceedings upon the judgment note.

But it is not even necessary to construe it an advancement to restrain execution. The testator has in his will indicated his intention as to the indebtedness in question, and by positive direction indicated his wishes in this respect. He has, in plain words, required, not its collection, but its deduction from the share of Abner S. Keiser.

If it is to be collected, how can it be deducted from the son's share? The executrix must carry out the provisions of the testator's will, and this positive provision and direction is just as binding as any other part of the will. Keeping this direction in view, the language whether the statute of limitations shall have barred such claims or not has great force in corroborating this position. There is no distribution to children until the widow's death. This might come after the statute of limitations had barred the claim. Contention might arise. If he had intended the charges or indebtedness should be collected, it would not have occurred to him to mention the statute of limitations.

These views of the will will relieve us from a discussion of any of the other facts set forth in the petition. The alleged

poverty, the hardships of the case, the value of the estate at present do not seem to be of any consequence in the interpretation of the will.

And now, to wit: January 14, 1901, the rule to show cause why the said Hannah Keiser, executrix of David Keiser, should not be restrained in her several proceedings or execution upon said judgment note against said Ida E. Keiser, and said judgment be vacated, is made absolute.

*Error assigned* was the order of the court.

*Cyrus G. Derr*, for appellant.

*Jefferson Snyder*, with him *B. Y. Shearer* and *G. H. Gerber*, for appellee.

PER CURIAM, April 1, 1901:

The decree entered in this case is affirmed for the reasons stated in the opinion of the learned judge of the common pleas.

---

## Bechtel *v.* Ammon, Appellant.

*Trusts and trustees—Conveyance—Fraud—Act of April 22, 1856, P. L. 523.*

Where one of the purposes in conveying land was to prevent if possible the collection of a judgment, but subsequently the judgment is paid out of the proceeds of a portion of the land sold, and the remainder of the land is reconveyed to the original owners, such owners may maintain a bill in equity against the grantee to enforce his promise to account for the proceeds of the land sold, notwithstanding the original illegal purpose of the conveyance.   Such a suit is not barred by the Act of April 22, 1856, P. L. 523.

Argued March 5, 1901.   Appeal, No. 66, Jan. T., 1901, by defendant, from decree of C. P. Berks Co., Equity Docket, 1899, No. 748, on bill in equity in case of Richard D. Bechtel and Richard D. Bechtel and Henry B. Hintz, Executors of Catharine J. Bechtel, Deceased, v. Jacob S. Ammon.   Before Mc-COLLUM, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.