CHARLEY W. ROBERTS et al., Appellees, v. GUY L. ROBERTS et al., Appellants.

No. 45774.

DECEMBER 9, 1941.

Cross & Hamill and Campbell & Campbell, for appellees.

Luther M. Carr and Putnam, Putnam, Fillmore & Putnam, for appellants.

MILLER, C. J.—J. L. Roberts died testate, May 26, 1940, leaving surviving him his widow and seven children, borne by a former wife. The widow elected to reject the will and claimed her distributive share. The estate is abundantly

solvent and the determination of such distributive share should present no difficulty herein. The controversy is between the seven children and the representatives of the estate. It involves primarily the question whether certain notes executed by the children and held by the testator at the time of his death should be collected. The answer to each question raised is to be found in the interpretation to be given to certain provisions of the will. The court interpreted the will substantially as contended for by plaintiffs and enjoined defendants from collecting the notes. Defendants appeal.

The will devised to the widow the income from the entire estate during her lifetime. Since she has rejected the will, we are not concerned with the devise to her. The will further provided that all property in the estate be devised and bequeathed to two sets of trustees, the two trusts being designated Trust No. 1 and Trust No. 2. Trust No. 1 included an undivided three sevenths of the entire estate and was established as a spendthrift trust for the benefit of one son and two daughters of testator, to be terminated at the discretion of the trustees after the lapse of ten years from the death of the widow. Trust No. 2 included the other undivided four sevenths of the entire estate and was established as a spendthrift trust for the benefit of the remaining four sons of testator, to be terminated on the tenth anniversary of the death of the widow. Each set of trustees was authorized to form a corporation for the management of the trust property devised and bequeathed to each.

In fixing the interests of the beneficiaries, paragraph 4 of the will provided, "The proportionate interest hereby created, devised and held in trust for each named beneficiary of Trust No. 1, shall be one-third of said undivided three-sevenths except as modified by paragraph 9 of this will." And said paragraph also provided, "The proportionate interest hereby created, devised and held in trust for each named beneficiary of Trust No. 2 shall be one-fourth of said undivided four-sevenths except as modified by paragraph 9 of this will."

The controversy regarding the collection of the notes of the children of testator, owing to him at his death, arises by

398

reason of the provisions of the aforesaid paragraph 9 of the will, which provides as follows:

"It is my intention that the principal of any indebtedness of any of my children represented by promissory notes, owing to me at the time of my decease, whether outlawed or not, shall go to my estate as property thereof. To effectuate this, it is my will that the amount of the indebtedness of each child indebted to me shall be charged against the one-seventh interest devised in trust for the benefit of such child in accordance with the provisions of paragraph 4. In the event of a conveyance of the real property by my said Trustees, devised in Trust No. 1 and Trust No. 2 in exchange for shares of stock in a corporation organized at the election of the Trustees of Trust No. 2 and my executor and executrix, the amount of stock equivalent to the amount of the indebtedness of each child shall be deducted from the one-seventh interest of each said child held in trust, and the said stock thus deducted shall be held by my executor and executrix independently of Trust No. 1 and Trust No. 2, until such time as my executor and executrix shall see fit to distribute the same. When the total amount of stock held by my executor and executrix representing the total amount of indebtedness to my estate is distributed, three-sevenths thereof shall be transferred to and become a part of Trust No. 1 and one-third of said three-sevenths shall be held by the trustees of Trust No. 1 in trust for each of the beneficiaries thereof; and four-sevenths of said total amount of stock representing the indebtedness of my children to my estate shall be transferred to and become a part of Trust No. 2 and one-fourth of said four-sevenths shall be held by the trustees of Trust No. 2 in trust for each of the beneficiaries thereof.

"In the event there is no conveyance to any corporation of my real property devised in trust by the terms of this will, I direct that there shall be an appraisal, made by the appraisers selected by my executor and executrix, of the value of all of the real property devised by this will; thereafter, the total amount of the indebtedness of my children to my estate shall be added to such appraisal valuation and the resulting sum

shall be divided into seven equal parts; thereafter, there shall be set off against each of said parts the amount of the indebtedness of each child and the resulting differences shall then be divided by the entire appraisal valuation and the resulting quotients shall represent the proportionate interest in trust of each child in the entire amount of my real property devised in trust.''

The court construed the foregoing provisions to the effect that ''indebtedness upon promissory notes owing him by any of his children, whether such indebtedness is barred by the Statute of Limitations or not, should not be collected by his Executors or Trustees as debts, but that the principal thereof only be considered as a part of the share of the debtor in his Estate and used only for the purpose of computing and ascertaining the proportionate share and interest of the respective debtors in the Estate in the manner directed in the Will, analogous to the method of computing advancements in Estates.'' Since actions had been commenced on certain of the notes involved herein, defendants were ''permanently restrained and enjoined from proceeding further with any of said suits either against the parties to this action who are joined in said suits or against spouses of parties to this action who signed said promissory notes and are joined as parties in said actions thereon. The defendants are also permanently enjoined and restrained from starting or prosecuting any other suits in any Court against any of the plaintiffs on promissory notes signed by any of said plaintiffs and owing to the decedent, or against any co-signer with any of the plaintiffs on such promissory notes. The defendants are also directed to surrender to plaintiffs their respective promissory notes on which existing suits are based, to release of record any and all mortgages securing such promissory notes, and to deliver to the respective plaintiffs their Abstracts of Title held in connection with such mortgages.''

I. Appellants' first proposition challenges the jurisdiction of the court to entertain an independent action in equity, such as this, for the construction and interpretation of decedent's will, asserting that the language of the will is plain and un-

equivocal, there is no ambiguity and that this action cannot be maintained.

Appellants rely upon our decision in the case of Anderson v. Meier, 227 Iowa 38, 42, 287 N. W. 250, 252. In that case, we affirmed a decree which dismissed an independent action in equity to interpret a will. In holding that we did not have jurisdiction, we state:

" 'It is a fundamental doctrine in the construction of wills that, where the language is plain and unequivocal, there is no room for construction.' In re Estate of Thomas, 220 Iowa 50, 54, 261 N. W. 622, 624, citing Smith v. Runnels, 97 Iowa 55, 65 N. W. 1002; Jordan v. Hinkle, 111 Iowa 43, 82 N. W. 426; Scott v. Scott, 132 Iowa 35, 109 N. W. 293; Guilford v. Gardner, 180 Iowa 1210, 162 N. W. 261."

We have also held in the case of Wintermute v. Heinly, 81 Iowa 169, 47 N. W. 66, that, where a will is so ambiguous that its meaning cannot be determined, it will be considered void and the property will be inherited pursuant to the statutes for descent and distribution.

The New Century Dictionary defines the word "ambiguous" as follows, "Of doubtful nature or meaning; uncertain; having a double meaning; open to various interpretations; equivocal". Jurisdiction of an independent action in equity to interpret a will exists where there is some ambiguity present which requires interpretation. The fact that the meaning of the will can be ascertained does not deprive the court of jurisdiction to entertain such an action for, unless such is the case, the will is void. We think that, while the intention of the testator herein can be ascertained and, accordingly, the will can and must be sustained, there is sufficient ambiguity in the language used to sustain jurisdiction of an action in equity to determine such intent.

In contending that the court erred, appellants assert that the language of the will is plain and unequivocal to the effect that the notes owed by testator's children, whether outlawed or not, referred to in paragraph 9 of the will, should be collected both as to principal and interest if not outlawed and, after the collectible notes have been collected, the principal of all

notes, whether outlawed or not, is to be deducted from the one-seventh interest of each indebted beneficiary. In so contending, appellants assert as follows:

"He had the right to tell the legal representatives of his estate that these notes were to go to his estate as property thereof and to be collected by them as such, and in addition, charge the amount of the debts even after being collected, against the one-seventh interest of the indebted beneficiary, and give him only the difference. That construction is far more consistent with the rest of this will than the construction that the debts shall be forgiven. No place in this will is it said that the interest of these heirs shall be share and share alike.

"The intention of this testator was to enlarge his estate by the amount of the debts owed to him, not to deplete it by the amount of the debts owed to him."

As above indicated, we do not think that the will can be said to express in plain and unequivocal terms the intention of the testator for which appellants contend. We think there is ambiguity and we also think that the decree of the trial court correctly determined the intention of the testator.

It is true that, in paragraph 9 of the will, it is provided that the *principal* of any indebtedness of the children represented by promissory notes owing at his death, whether outlawed or not, "shall go to my estate as property thereof". The very next sentence provides that "to effectuate this" the amount of the indebtedness shall be charged to the one-seventh interest devised by paragraph 4. If the trustees organize a corporation the amount of the indebtedness is to be deducted from the one-seventh interest of each indebted child. If a corporation is not organized, an appraisal is to be made and the amount of the indebtedness in each instance is to be set off against the interest of each indebted child. It is obvious that, as to indebtedness evidenced by notes outlawed by the statute of limitations, the only way in which the principal of such indebtedness could effectively go to the estate as property thereof was by treating such indebtedness as advancements to be deducted from the share of each indebted child. Upon this question appellants agree with the trial court.

The difference arises as to the notes that are not outlawed. As to these, appellants contend that the principal and interest shall be collected and then, after collection is made, the principal is to be deducted from the share of each indebted child. In other words, as to collectible notes, an indebted child is to be penalized twice. Obviously this does more than effectuate an intention that the indebtedness shall go to the estate as property thereof. Collectible indebtedness goes to the estate and also forms the basis for a penalty against the debtor after collection is made, according to appellants' theory. The trial court could not agree. Neither can we.

 The matter of interest presents an unusual situation and, therefore, a difficult question, but we are disposed to agree with the trial court in its disposition of that question.

In the case of In re Will of Newcomb, 98 Iowa 175, 183, 67 N. W. 587, 589, a somewhat analogous situation was presented and determined by this court as follows:

"Ellen D. Palmer was a niece of the testatrix, and a residuary legatee under the will. She gave to Mrs. Newcomb, during her lifetime, three notes, aggregating six thousand dollars, each note bearing interest at eight per cent. The following is the first note in full: 'Two thousand dollars, April 13, 1881. Two years after date, for value received, I promise to pay Patience V. Newcomb, two thousand dollars, with eight per cent interest annually; interest paid semi-annually. And if I do not prefer to pay said note during the life of my aunt, Patience V. Newcomb, at her decease the two thousand dollars is then to be deducted from the bequest left me by my said aunt, Patience V. Newcomb, in her "last will and testament." Ellen D. Palmer.' The interest was paid to April 13, 1890. The other two notes contained provisions that the principal sum was to be deducted from bequests in the will. At the death of Mrs. Newcomb there was interest due on all the notes, and the parties are in dispute as to the time interest should be paid. The district court fixed the time at the death of Mrs. Newcomb. Appellee thinks it should not have been so long, and appellant thinks it should have been longer. The situation is so unusual that we have no authoritative guide to a conclusion. There is

some force in the thought that when the will took effect the law would so far make the deduction as to stop the interest, if the estate was sufficient to pay the legacy, so that creditors would not be prejudiced. It is the equitable, and, so far as we are advised, a legal, conclusion under the facts.''

In accordance with the holding above quoted, it is clear that any interest on the notes herein would cease to run at the death of the testator. Our problem differs from that in the Newcomb case in that there the provision was in the note, whereas here the provision for payment through deduction is in the will. In view of the fact that the testator provided for a method of securing payment of the principal of all notes, whether outlawed or not, and made no reference to interest on notes that might be collectible, we are disposed to the view that the interest was forgiven upon collectible notes because of the fact that the principal on all notes was to be paid through deductions from the shares of the indebted children. Such is the effect of the holding of the court below. With it we agree.

██ II. Appellants' second proposition asserts that under sections 11913 and 11931 of the Code, 1939, the executors were under a mandatory duty to collect all notes not outlawed. This contention ignores the provision of section 11955 of the Code that, ''when the interests of creditors will not thereby be prejudiced, a testator may prescribe the entire manner in which his estate shall be administered''. This provision must be considered in connection with the provisions in section 11931 that ''when no different direction is given by will, debts due the estate, as far as practicable, shall be collected''. The estate herein is solvent. The interest of creditors cannot be prejudiced by giving effect to all the provisions of the will. Accordingly, wherein the will provides for the payment of debts other than by collection, the executors are bound by the provisions of the will. The court so held and correctly so.

██ As a part of this contention, appellants assert that, since the widow elected to reject the provisions of the will and is entitled to her distributive share of the personal property as well as the real estate, collectible notes must be collected

so that the widow may receive her share from the proceeds thereof. This contention is not sound because, interpreting sections 11986 and 11990 of the Code together, it is clear that the widow is entitled to receive ''one-third in value'' of the property of the estate. Considering the collectible notes as assets of the estate, both as to principal and interest, the widow's distributive share of one third of the value thereof may be determined and paid without the necessity of collecting the notes from the children. The trial court so held and rightly so.

■ III. Appellants' third proposition is that the court erred in enjoining the executors from proceeding to collect notes, not outlawed, from the spouses of indebted children. A somewhat similar question was presented in the case of Keiser v. Keiser, 199 Pa. 77, 80, 48 A. 811, 812, 813, wherein the court said, ''He has, in plain words, required, not its collection, but its deduction from the share of Abner S. Keiser. If it is to be collected, how can it be deducted from the son's share?'' As above pointed out, the testator herein has provided that the principal of each note shall be deducted from the share of the indebted child. Certainly he did not contemplate that the principal and interest should be collected from the child's spouse and also that the principal be deducted from the child's share. We cannot agree with the contention of appellants.

■ IV. Appellants' fourth contention asserts that the court erred in holding that the claim against Willard F. Roberts, involved in a suit pending in Decatur County, was not an indebtedness represented by a promissory note. This obligation of Willard arose by reason of the fact that the testator signed as surety a note of Willard's and later paid the note to the obligee thereof. The suit is to recover the amount thereof under the obligation for reimbursement which the law creates in favor of a surety and against the principal for whom the surety has paid the obligation. This court has repeatedly held that the obligation of the principal is implied from the act of payment by the surety and is not an obligation based upon the note because, when the surety pays the note, that instrument is discharged. Harrah v. Jacobs, 75 Iowa

72, 73, 74, 39 N. W. 187, 1 L. R. A. 152; Van Patten v. Waugh, 122 Iowa 302, 303, 98 N. W. 119. Accordingly, the interpretation of the trial court was right.

V. Appellants' fifth proposition challenges the action of the trial court in determining that, since the will contains no provision as to the distribution of the income in the hands of the trustees, it is uncertain and ambiguous as an expression of the intent of the testator, but, since the evidence fails to show any accumulation of income available for distribution, the question of the right of the beneficiaries to distribution of such income was left undetermined and that the decree should be without prejudice to the rights of any party on that question. Appellants claim that this was an advisory opinion on a moot question. We take the view that it did not constitute a determination of any question.

VI. Appellants' sixth proposition challenges that part of the decree which provides that the trustees shall assume the active management and control of the trust property and that the only activity of the executors shall be general supervision with the right to apply to the court for orders correcting any mismanagement or to prevent and correct acts of fraud or bad faith. We find no merit in the contentions of appellants on this proposition.

VII. Appellants' seventh proposition complains of the court's interpretation of a codicil to the will which provided that Charley Roberts should have the right "to occupy and rent the said 'Home Place' so long as he desires upon the rental terms which may be in force with me at the time of my decease." Appellants contend that, notwithstanding such provision of the will, the executors and trustees have a right to demand and receive from Charley Roberts a written lease for said farm. The evidence shows that Charley Roberts was occupying said farm under an oral lease and that he has, ever since the death of the testator, fully complied with the terms of said oral lease. Such being the record, we agree with the trial court that the executors and trustees are not entitled to the written lease which they have demanded from Charley Roberts. The decree herein fixes and determines the terms of the oral lease. Such adjudication

gives to appellants all the protection to which they are entitled under the terms of the will and codicil thereto.

VIII. Appellants' eighth proposition complains of the taxation of costs against the executors of the estate. The costs are not taxed against them in their individual capacities but solely in their official capacities. This being true, they are payable from the assets of the estate. We find no merit in appellants' contention.

By reason of the foregoing, the decree is affirmed.—Affirmed.

GARFIELD, OLIVER, BLISS, HALE, MITCHELL, and WENNERSTRUM, JJ., concur.