MEINDERT H. ULLMANN, administrator of estate of Harriett Kay Ullmann, plaintiff-appellee, v. H. M. REED, d/b/a Reed Insurance Agency, and LE MARS MUTUAL INSURANCE COMPANY, defendants-appellees, FARMERS ELEVATOR MUTUAL INSURANCE COMPANY, appellant, C. H. TAYLOR, administrator of estate of Truman Michael, defendant to cross-petition, appellee.

No. 51771.

(Reported in 137 N.W.2d 690)

OCTOBER 19, 1965.

Lund & Lund, of Webster City, for appellant.

Winkel & Winkel, of Algona, for plaintiff-appellee.

102

Batschelet & Thompson, of Guthrie Center, for H. M. Reed, defendant-appellee.

Mahoney, Jordan, Statton & Smith, of Boone, for Le Mars Mutual Insurance Company, defendant-appellee.

Taylor & Taylor, of Guthrie Center, for C. H. Taylor, administrator, defendant to cross-petition, appellee.

THORNTON, J.— This is a declaratory-judgment action tried in equity, apparently by agreement. Our review is de novo. Sanborn v. Maryland Casualty Co., 255 Iowa 1319, 125 N.W.2d 758. See Werthman v. Catholic Order of Foresters, 257 Iowa 483, 486, 133 N.W.2d 104, 106.

Plaintiff's decedent was killed in an intersection collision with an automobile allegedly driven by Truman Michael. Mr. Michael was killed in the same collision. Plaintiff administrator brought an action against the legal representative of Mr. Michael's estate. He then commenced this action alleging a controversy has arisen between defendant Farmers Elevator Mutual Insurance Company and defendants H. M. Reed, d/b/a Reed Insurance Agency, and Le Mars Mutual Insurance Company, Farmers carried uninsured motorist protection in the maximum amount of $10,000 on the car in which his deceased was riding, that said company denies liability on the grounds the other defendants are jointly or severally liable to the extent of $10,000 to the Michael estate for any judgment recovered in the wrongful death action, and such defendants deny any liability on their part jointly or severally, and prayed for judgment declaring one or more of the defendants were liable for any judgment he obtained in the wrongful death action to the extent of $10,000. Defendant Le Mars moved to bring in Michael's administrator and filed a cross-petition against such administrator praying for declaratory relief holding it not liable to the Michael estate or any other party to the action. The administrator of Michael's estate filed an answer to Le Mars' cross-petition and cross-petitioned against Le Mars alleging Le Mars was estopped to deny the insurance coverage Truman Michael applied for and waived any right to deny coverage for the unreasonable time having

elapsed from the time Reed, its agent, had knowledge Le Mars denied coverage to the time of Michael's death and for fraud and deception in informing the wife of Truman Michael that said policy was binding, and prayed Le Mars be required to defend and pay any judgment against him in the wrongful death action. The administrator of the Michael estate made no claim against the insurance agent, H. M. Reed.

Plaintiff amended his petition alleging estoppel and waiver against both Le Mars and H. M. Reed. Responsive pleadings to those of plaintiff were filed by both Le Mars and Reed, and by Le Mars to those of the administrator of the Michael estate.

Farmers filed answer to plaintiff's petition admitting it had uninsured motorist coverage on the car in which plaintiff's decedent was riding. It alleged:

"* * * This defendant believes and has been advised that the said Le Mars Mutual Insurance Company did issue or had a temporary binder issued upon the said vehicle owned and operated by the said Truman Michael, deceased, and which it was believed was in force and effect at the time of the accident alleged herein and that said insurance had been provided through H. M. Reed, doing business as the Reed Insurance Agency for and on behalf of the Le Mars Mutual Insurance Company and that there was insurance coverage upon the Michael vehicle at the time of the accident alleged herein. * * *."

And that plaintiff had made a claim no other insurance was available but there was no proof to substantiate such claim which is a condition precedent to its liability. Farmers in its prayer joined plaintiff in requesting a decree establishing insurance on the Michael vehicle and if not established liability be placed on Reed.

The trial court held Le Mars and Reed were not liable and entered judgment against Farmers.

Farmers appeals urging for reversal Reed could and did bind Le Mars in an insurance contract in favor of Michael and Le Mars was estopped from declining coverage when its agent failed to notify Michael promptly of its declination. In support of this proposition Farmers argues the negligence of Reed in

failing to notify Michael and the apparent authority of Reed to act for Le Mars. And in its second proposition contends if Le Mars is not bound by such acts or failure to act of Reed, Reed is liable for failure to exercise due care, and concludes such proposition thus, "* * * assuming the lower Court was correct in its conclusions of law as to a contract of insurance, then Reed exceeded his authority and in so doing would be personally liable."

From the pleadings above set out the only theory on which either Le Mars or Reed could be held liable is that of estoppel or waiver. The claimed negligence of Reed is only material insofar as it shows estoppel or waiver. Sanborn v. Maryland Casualty Co., 255 Iowa 1319, 125 N.W.2d 758. Before liability can be cast on either, those so claiming must show one or both of these defendants would have been liable if a policy had in fact been issued, in short, the substance of the claimed contract, and Mr. Michael came within it. Winn v. John Hancock Mutual Life Insurance Co., 216 Iowa 1249, 1252, 250 N.W. 459; Hawkeye Clay Works v. Globe & Rutgers Fire Insurance Co., 202 Iowa 1270, 1273, 211 N.W. 860; Smith v. The State Insurance Co., 64 Iowa 716, 718, 21 N.W. 145; Barre v. The Council Bluffs Insurance Co., 76 Iowa 609, 611, 41 N.W. 373; and 46 C. J. S., Insurance, section 1321(f), pages 456, 457. The application shows the insurance was intended to cover a 1953 Chevrolet. The only evidence to show Michael was operating the 1953 Chevrolet comes from his widow. She testified on May 25, 1963, Mr. Michael had a 1951 Chevrolet, a 1952 Chevrolet, a 1953 Chevrolet and a 1949 Ford. Over objection she testified the 1953 Chevrolet was involved in the accident. On cross-examination she testified she did not go to or see the vehicle at the scene of the accident. She further stated that she did not know of her own personal knowledge that the 1953 Chevrolet was the one involved in the accident, but just knew what someone may have told her. Her cross-examination demonstrates her total lack of knowledge and reduces her testimony on direct examination to less than a scintilla. It will not sustain a finding. No effort was made to exclude the use at the time of one of the other cars owned by decedent, see Iowa National Mutual Insurance Co. v. Fidelity and Casualty

Co. of New York, 256 Iowa 723, 128 N.W.2d 891, or to call Mrs. Michael's informant.

Farmers' reply to the foregoing is, "The elements of the contract are not the difficult problems, as standard policies and minimum financial requirements control the problems here—this was not the issue." This statement is not supported by citation of authority or record reference. Le Mars and Reed moved to dismiss at the close of the case for Farmers and the two estates because there was no showing the vehicle involved in the accident was the subject of any policy and there was no showing of the terms and conditions of any policy. Ruling thereon was reserved.

In the pleading we find plaintiff alleged his decedent was killed in an auto accident when Mr. Michael ran through a stop sign into the side of the car in which she was riding. Le Mars and Reed denied this on information and belief. Farmers admitted it. The cross-petition of the Michael estate alleges Michael sought to procure automobile liability insurance from Le Mars through Reed, the application was for $10,000-$20,000 protection and $2000 medical pay, that Michael was killed in an auto accident out of which plaintiff's decedent, a passenger in another car, was killed. This was denied by Le Mars. As pointed out above, Michael's administrator did not counterclaim against Reed. Farmers' plea in confession and avoidance above set out was not pleaded to in any manner by any of the parties. Whether such pleading should have been filed need not be determined as Farmers has tried the case as if those allegations were in issue, see Connell v. Hays, 255 Iowa 261, 272, 122 N.W.2d 341.

The application in evidence shows a contemplated policy for $10,000-$20,000 bodily injury on a 1953 Chevrolet. There is no showing relative to coverage under a "substitution" or "use of other automobiles" provision. See 7 Am. Jur.2d, Automobile Insurance, section 103, page 411, section 105, page 414.

Under the record we cannot find the terms of the policy were admitted or decedent Michael was driving a car covered by the contemplated policy was admitted. It was in issue. To hold Le Mars liable under a theory of estoppel or Reed under such theory, if that is possible, it is at least necessary to show one or

both would have been liable if a policy had in fact been issued. —Affirmed.

All JUSTICES concur.