CLAUDE PERRIN SMALL et ux., appellants, v. FRANK OGDEN et ux., appellees.

No. 52304.

Dᴇᴄᴇᴍʙᴇʀ 13, 1966.

W. R. Mockridge, of DeWitt, for appellants.

Lane & Waterman, by Robert V. P. Waterman and Donald H. Sitz, of Davenport, for appellees.

RAWLINGS, J.—By an action in equity for declaratory judgment plaintiffs sought construction of a real-estate contract and asked that forfeiture proceedings previously instituted by defendants be enjoined. The trial court found the contract unambiguous, denied the relief prayed by plaintiffs, and they appealed.

A written contract was entered into January 6, 1949, under which plaintiffs agreed to purchase and defendants agreed to sell certain farmland in Clinton County. The given purchase price was $30,000, with specified payments to be as follows: $2000 down payment, $6000 on or before March 1, 1949, then $1000 December 1 and a like sum June 1 of each year until December 1, 1964, at which time final payment of $385.77 was to be made.

The contract also provided: "The entire amount may be paid off at anytime in accordance with schedule A of which each party has (sic) been delivered a copy."

Another pertinent provision in the agreement is as follows: "Payments do not bear interest".

Schedule A then provides in part:

"If parties of the second part want to pay in full the remaining unpaid payments due under the terms of the agreement, they may do so by notifying party of the first part sixty (60) days prior to the time payment is to be made and by making such payment as appears below:

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1949 | payment | to | be | $23,420.00 | less | any | regular | payments | made | during | the | year |
| 1950 | " | " | " | 22,196.80 | " | " | " | " | " | " | " | " |
| 1951 | " | " | " | 20,928.67 | " | " | " | " | " | " | " | " |
| 1952 | " | " | " | 19,613.82 | " | " | " | " | " | " | " | " |
| 1953 | " | " | " | 18,350.37 | " | " | " | " | " | " | " | " |
| 1954 | " | " | " | 17,036.38 | " | " | " | " | " | " | " | " |
| 1955 | " | " | " | 15,669.84 | " | " | " | " | " | " | " | " |
| 1956 | " | " | " | 14,248.63 | " | " | " | " | " | " | " | " |

| 1957 | " | " | " | 12,770.28 | " | " | " | " | " | " | " | " |
| 1958 | " | " | " | 11,233.40 | " | " | " | " | " | " | " | " |
| 1959 | " | " | " | 9,634.74 | " | " | " | " | " | " | " | " |
| 1960 | " | " | " | 7,972.13 | " | " | " | " | " | " | " | " |
| 1961 | " | " | " | 6,243.02 | " | " | " | " | " | " | " | " |
| 1962 | " | " | " | 3,998.28 | " | " | " | " | " | " | " | " |
| 1963 | " | " | " | 2,444.74 | " | " | " | " | " | " | " | " |
| 1964 | " | " | " | 1,385.77 | " | " | " | " | " | " | " | " |

The last and final payment shall be made 12/1/1964 in amount $385.77."

Plaintiffs satisfied all installments due under the contract until a total of $29,000 had been paid, then January 4, 1961, tendered the sum of $1000 and demanded deed. This was refused by defendants and July 17, 1964, they instituted forfeiture proceedings claiming default by plaintiffs in making payments due June 1, 1960, and all subsequently owing. Plaintiffs then commenced the subject action.

This being a proceeding in equity, evidence was presented by both parties after which the trial court found the contract not ambiguous, and dismissed plaintiffs' petition, holding they were required, by the agreement, to make *all* payments specified, *or* exercise right of prepayment according to schedule A. In so doing the court found no need to resort to extrinsic evidence.

I. Our review is de novo. See Ullmann v. Reed, 258 Iowa 100, 102, 137 N.W.2d 690, 691.

II. In Bruhl v. Thul, 257 Iowa 889, 892, 893, 134 N.W.2d 571, 573, 574, this court said: "* * * we are asked to interpret the contract which the parties made for themselves. The objective is to ascertain the meaning and intention of the parties as expressed in the language used. [Authorities cited.]

"It is the court's duty to give effect to the language of the contract in accordance with its plain and ordinary meaning and not make a new contract for the parties by arbitrary judicial construction. [Authorities cited.]

"The court will not resort to construction where the intent of the parties is expressed in clear and unambiguous language. In interpreting a contract we may resort to rules of construction only where the language of the instrument is of doubtful meaning. [Authorities cited.]"

Our first problem is to determine whether the agreement entered into by plaintiffs and defendants is or is not ambiguous.

■ III. Ambiguity may be said to appear when, *after application of certain rules of interpretation to the face of the instrument*, a genuine uncertainty results as to which one of two or more meanings is the proper one. Morris Plan Leasing Co. v. Bingham Feed and Grain Co., 259 Iowa 404, 415, 143 N.W.2d 404, 412.

■ And, in arriving at the intent of the parties as expressed by their agreement, we consider the entire instrument, giving effect, if possible, to all language used. Chicago & N. W. Ry. Co. v. Kramme, 244 Iowa 944, 948, 59 N.W.2d 204; Randolph v. Fireman's Fund Ins. Co., 255 Iowa 943, 951, 124 N.W. 2d 528, 8 A. L. R.3d 907; and Harrison Sheet Steel Co. v. Morgan (8 Cir.), 268 F.2d 538, 542.

Looking again to the face of the contract between plaintiffs and defendants we find the purchase price to be $30,000, followed by a provision for specified periodic payments which total the sum of $38,385.77, without interest.

Also to be considered is schedule A, identified as exhibit E, which is a part of the contract by which plaintiffs-purchasers are accorded permissible prepayment rights.

In this respect the contract itself provides the entire amount *may* be paid off at anytime in accordance with schedule A, which in turn contains a provision to the effect that *if* the purchasers desire to exercise right of prepayment they may do so by remittance of an annually reduced sum over a term of about 15 years.

It requires only a surface mathematical computation to understand, and, if necessary, clarify any or all of the payment terms provided by the contract, including schedule A. See Harvey Constr. Co. v. Parmele, 253 Iowa 731, 736, 113 N.W.2d 760.

For example, if plaintiffs-purchasers had elected to liquidate the contract in 1949, they would have previously paid $8000, and under schedule A would have paid an additional $23,420, making a total of $31,420 paid by them for the farm.

And, if they had desired to take deed in 1952, the down payment and annual periodic remittances would then have totaled $14,000, and an additional payment of $19,613 would be

required, making a total of $33,613 paid by plaintiffs for the property.

IV. It thus appears the agreement contains a general statement as to purchase price, followed by a special provision as to time or times for the making of specified periodic payments, with an alternate specific arrangement, schedule A, under which the purchasers could, if desired, pay off the contract prior to the final maturity date.

In this connection we have a well established rule of construction that where in a contract there are general and special agreements referring to the same subject, the special control. Schlosser v. Van Dusseldorp, 251 Iowa 521, 526, 101 N.W.2d 715.

As stated in 91 C. J. S., Vendor and Purchaser, section 97, page 981: "* * * if in the contract of sale a general recital of the consideration is inconsistent with the subsequent provisions as to the terms of payment, which are definite and particular, the latter will control."

This means the specific provisions of the contract providing for installment payments, or in the alternative for prepayment, must be held to control over the general statement as to purchase price.

V. An examination of the entire contract involved in this case discloses some conflict as to purchase price and payments to be made. But mere conflict does not, in and of itself, serve to create uncertainty or ambiguity.

By application of the foregoing rules of construction we entertain no genuine uncertainty as to the intent of the parties expressed in their agreement.

It is to us evident interest on the purchase price was predetermined, then added to the periodic payments to be made as set forth in the body of the contract or in the discount schedule identified as schedule A.

To this both the sellers and purchasers agreed. By this they are bound.

The contract discloses a purchase price of $30,000 with permissible periodic payments, without interest, over a span of about 15 years. Under this time-payment plan the purchasers

would, in event of full and timely compliance, pay a total of $38,385.77 before being entitled to deed.

In addition they were accorded optional right of prepayment on a discount basis by the terms of schedule A, but this right they never exercised.

VI. We are also satisfied that even if the contract were to be deemed ambiguous the same result would obtain under the evidence presented.

This discloses ordinary negotiations as to price and terms prior to execution of the agreement.

Above all, however, this evidence shows a predetermination of interest, this being done for the admitted purpose of adding to the principal or cash price in an attempt to effect a tax saving to the sellers. In other words the interest was purposely added to the principal in an effort to create for the sellers a capital gain as opposed to an ordinary interest income.

The testimony of plaintiff Claude Perrin Small discloses he owned 700 acres, farmed about 1000, and had previously read legal documents in dealing with land transactions.

It also reveals this witness, being one of the buyers, was aware of the time-payment provision in the contract and the attached instrument before signing the agreement, claiming however he was not too well aware of the language contained in schedule A.

However, this alleged lack of complete knowledge means little or nothing. An agreement in writing speaks for itself. McDannel v. Parkview Investment Corporation, 257 Iowa 1160, 1165, 136 N.W.2d 281, 285. And, absent fraud or mistake not here apparent, ignorance of the contents of a written agreement will not serve to negate or avoid its contents. Schlosser v. Van Dusseldorp, 251 Iowa 521, 527, 101 N.W.2d 715.

VII. We conclude the contract here involved is not ambiguous. The order entered by the trial court must be and is affirmed.—Affirmed.

GARFIELD, C. J., and LARSON, SNELL, MOORE and MASON, JJ., concur.

THORNTON, J., not sitting.