**Robert McCARTHY, Appellant,**

**v.**

**Agnes McCARTHY, Gerald McCarthy and Mary Elizabeth McCarthy, n/k/a Mary Elizabeth Trumm, Appellees.**

**No. 53090.**

Supreme Court of Iowa.

Nov. 12, 1968.

By his petition filed August 25, 1967, plaintiff alleges, in substance: (a) he is the son of decedent and defendant Agnes McCarthy, brother to defendants Gerald McCarthy and Mary Elizabeth McCarthy; (b) Joseph L. McCarthy died testate November 10, 1954; (c) his will was probated and estate closed; (d) at time of death decedent owned certain land in Dubuque County; (e) the will first directs debts and burial expenses be paid and certain charitable bequests made. It then provides in material part:

"5.

"All of the rest, residue and remainder of my property, personal, real and mixed of every kind and nature, I give, devise and bequeath to my wife, Agnes McCarthy, to have and to hold as her own during her natural lifetime.

"I grant unto my wife the power to sell and convey any and all of the real estate that I may die seized of and my said wife wife (sic) is to have the use of and the income from all of my property subject to the payment of the foregoing bequests, costs of administration and burial and during her possession of said property, I hereby direct that she pay all the taxes on said real estate, the upkeep of said real estate including insurance and all expenses in connection with the operation of the real estate.

Jesse, LeTourneau & Johnston, by Lawrence LeTourneau, Des Moines, for appellant.

Alan E. Kean and Alfred E. Hughes, Dubuque, for appellees.

RAWLINGS, Justice.

By action in equity for declaratory judgment plaintiff seeks a construction of the will of Joseph L. McCarthy, deceased. Trial court sustained a motion to dismiss, filed by defendants Agnes McCarthy and Gerald McCarthy. Plaintiff elected to stand on the pleadings and appeals. We reverse.

"6

"After the death of my said wife, whatever property remains, personal, real or mixed of every kind and nature, I give, devise and bequeath in equal shares to my children, Robert McCarthy, Mary Elizabeth McCarthy and Gerald McCarthy, share and share alike." (f) defendant widow, as life tenant, took possession of the devised land; (g) about May 13, 1966, she borrowed $35,-000, giving in return a mortgage on the real estate; (h) the will does not grant testator's widow express power to mortgage, nor the right to dissipate or spend the corpus of the estate; (i) power to sell does not authorize

a life tenant to mortgage the premises, and in any event does not permit use or expenditure of proceeds realized from any encumbrance placed on the land.

Plaintiff prays the will be construed, and in event the court finds it does not include power on the part of life tenant to mortgage, she be required to account for the balance of the estate, or in event it be determined the questioned document gives authority to mortgage but allows only use of income from proceeds, then defendant life tenant be required to account for the corpus of the estate.

Copies of the aforesaid will and mortgage are attached to the petition.

The motion to dismiss is premised upon these grounds: (1) the petition and attached exhibits disclose, on their face, defendant Agnes McCarthy, has at least a life estate coupled with the power to sell or convey; (2) power to sell is greater than power to mortgage, so the life tenant has not committed any act violative of plaintiff-remainderman's interest; (3) the will does not preclude the power of life tenant to mortgage; (4) the petition does not allege waste by life tenant, sets forth no facts entitling plaintiff-remainderman to an accounting, or that he has requested and been denied an accounting; and (5) there is no allegation any proceeds of the mortgage have been wasted or not used to preserve the remainderman's interest.

Trial court first held, paragraphs 5 and 6 of decedent's will, quoted supra, had been previously construed in the course of probating decedent's estate, and the order then entered is binding on all parties to the present action.

The court next found, in substance, the petition failed to state a cause of action upon which any relief could be accorded plaintiff.

■ October 14, 1967, plaintiff filed a motion asking the order of dismissal be reconsidered, alleging essentially, decedent's

will is ambiguous and requires interpretation concerning life tenant's rights, if any, to encumber the land. Trial court found nothing new to reconsider, deemed the motion an election by plaintiff to stand on the pleadings filed, and ordered the petition dismissed with prejudice.

On appeal plaintiff assigns as propositions for reversal, trial court erred in, (1) considering matters not a part of petition; and (2) finding plaintiff's pleading failed to state a cause of action on which any relief could be accorded.

■ I. It is apparent plaintiff elected to stand on the record and the challenged ruling is deemed a final adjudication. Rule 86, Rules of Civil Procedure; J. R. Watkins Co. v. Kramer, 250 Iowa 947, 949, 97 N.W. 2d 303; and Wright v. Copeland, 241 Iowa 447, 451, 41 N.W.2d 102.

II. We have consistently adhered to certain basic principles of law relative to construction of pleadings challenged by a motion to dismiss.

■ As stated in the case of In re Lone Tree Com. School Dist. of Johnson & Louisa, Iowa, 159 N.W.2d 522, 525:

" 'Where, * * * a doubtful pleading is challenged before issues are joined, it will be resolved against the pleader.'

" 'Also, a timely motion to dismiss should be sustained where the challenged pleading fails to state a claim on which any relief asked can be allowed.' * * *

" 'The prayer of a petition must always be examined to determine what constitutes the subject matter of litigation for judicial purposes, and generally the relief to be afforded is accordingly limited.' * * *

" 'Grounds of a motion to dismiss a pleading because it does not state a cause of action must be based on the contents of the pleading assailed. Newton v. City of Grundy Center, supra (246 Iowa 916, 70 N.W.2d 162). Facts not so appearing, except those

of which judicial notice must be taken, must be ignored. Winneshiek Mutual Insurance Association v. Roach, supra, (257 Iowa 354) 132 N.W.2d at 443. Such motions must specify wherein the pleading they attack is claimed to be insufficient. R.C.P. 104(d).

"'While a motion to dismiss admits the truth of all well-pleaded, issuable and relevant facts, it does not admit mere conclusions of fact or law not supported by allegations of ultimate facts. Harvey v. Iowa State Highway Commission, [256 Iowa 1229, 1230,] 130 N.W.2d 725, 726; Hahn v. Ford Motor Co., supra, [page 29 of 256 Iowa,] 126 N.W.2d at 352.

"'"A pleader must plead the ultimate facts in the case. He cannot plead conclusions by themselves. A good pleading consists of the statement of the ultimate facts in the case, and, when so stated, the pleader has a right to plead his conclusions based upon those facts." Winneshiek Mutual Insurance Association v. Roach, supra, [at page 367 of 257 Iowa] 132 N.W.2d at 444.'"

III. In sustaining the motion to dismiss, trial court, as aforesaid, initially found paragraphs 5 and 6 of the will, quoted supra, had been previously construed in the course of probating decedent's estate and this was an adjudication binding upon the parties in the case at hand.

Specifically the court referred to and quoted this from the order in probate closing that estate: "* * * said Certificate of Change of Title should be to Mrs. Agnes McCarthy, a life estate with full power and authority to convey the same and after her death to the following named beneficiaries, share and share alike: Robert McCarthy, Mary Elizabeth McCarthy and Gerald McCarthy, subject to a conveyance of the real estate during the life of Mrs. Agnes McCarthy."

This court stated in Bales v. Iowa State Highway Comm., 249 Iowa 57, 62, 86 N.W. 2d 244, 248: "We are agreed the motion to dismiss may not be supported by allegations of fact not found in the * * * petition."

Without question the probate of decedent's will was a matter separate and apart from the action here brought by plaintiff. In that regard this court stated in Bales v. Iowa State Highway Comm., supra, 249 Iowa, loc. cit. 63, 86 N.W.2d loc. cit. 248: "It is fairly well settled that judicial notice will not be taken of the records of the same court in a different proceeding. (Authorities cited.)"

It thus becomes evident the court had neither the right nor authority to consider matters outside the pleadings, or to accord judicial recognition to records found in prior probate proceedings.

Accordingly, we hold it was error on the part of trial court to sustain the motion to dismiss upon the foregoing basis.

IV. Additionally the court determined, placing of an encumbrance on the land by life tenant caused no injury to plaintiff, resultantly his petition failed to state a cause of action.

As the basis for that conclusion trial court reasoned, in substance, if the mortgage serves only to pledge the widow's life estate, plaintiff-remainderman suffered no detriment, and if it constitutes an unauthorized encumbrance of the fee then the mortgage is not binding on plaintiff and he has no cause to complain.

Rule 262 R.C.P., provides in relevant part: "Any person interested in a * * * will * * * may have determined any question of the construction or validity thereof or arising thereunder, and obtain a declaration of rights, status or legal relations thereunder."

An examination of plaintiff's petition discloses he seeks, primarily, a construction of decedent's will, the matter of damages, if any, being, at best, secondary.

In Wright v. Copeland, 241 Iowa 447, loc. cit. 451–452, 41 N.W.2d 102, loc. cit. 105, this court, confronted with the matter of right to judicial interpretation of a will, stated:

"* * * where a will is clear its meaning is to be ascertained therefrom without

consideration of extrinsic evidence. Even though language of a will is plain so that resort to extrinsic evidence is not proper, there seems to be no compelling reason why interested parties, acting in good faith, should not have a court decision as to what such language means. And this has been done in effect in at least some of our cases which have denied the right to maintain such a suit. (Authority cited.)

"In any event, the fact that the meaning of a will can be ascertained does not prevent the court from entertaining such a suit as this. Where a will is so ambiguous its meaning cannot be determined it is held to be void. (Authorities cited.)

"Where the language of a will is such that interested parties may have reasonable doubts as to its true construction we have said such an action as this will lie. (Authorities cited.)"

A similar problem was presented in Wright v. Thompson, 254 Iowa 342, 117 N.W.2d 520. There the trial court, as in the case at bar, sustained a motion to dismiss plaintiff's amended petition for declaratory relief. In reversing we said, 254 Iowa loc. cit. 350–351, 117 N.W.2d loc. cit. 520–525:

"There is little dissent from the view that a litigant may be entitled to declaratory relief even though it is unfavorable to him. Id. Declaratory Judgments § 10, page 69. (26 C.J.S., Declaratory Judgments). 'On a motion to dismiss, the only question is whether, on the basis of the allegations, a proper case is presented * * * for invoking the jurisdiction of the court to make a declaratory judgment, and not whether plaintiff is entitled to a declaration favorable to him, or in accordance with what he claims his rights to be, or with his request, or whether he is entitled to the judgment demanded by him, or what his rights are, * * * if the complaint shows a good ground on which the court will grant judgment on the subject matter of the controversy, the complaint will not be dismissed

even though plaintiff is wrong on the merits of his contention.' Id. Declaratory Judgments § 142a, pages 337–338.

" 'On a motion to dismiss, challenging the legal sufficiency of a complaint * * *, the determination of such sufficiency must be made regardless of the merits of the controversy or the scope of complainant's rights; on such motion, the allegations of fact contained in the complaint are not in issue, * * *.' Id. Declaratory Judgments § 142b, page 342.

"Wesselink v. State Department of Health, 248 Iowa 639, 646, 80 N.W.2d 484, 488, is one of several Iowa decisions which reverse the sustaining of a motion to dismiss a petition for declaratory relief. It states: 'Furthermore, we are not now concerned with any relief the court may or may not grant upon a trial of this matter. Such declaration must depend upon the evidence produced.' "

With regard to the foregoing see also Roberts v. Roberts, 231 Iowa 394, 400, 1 N.W.2d 269.

Plaintiff's standing as a remainderman is not challenged. So the question posed is whether the terms and provisions of decedent's will are such as to cause interested parties to have reasonable doubts relative to the right of life tenant to encumber the land here concerned.

In Roberts v. Roberts, supra, we held the word "ambiguous" means, " * * * 'Of doubtful nature or meaning; uncertain; having a double meaning; open to various interpretations; equivocal.' " See also Small v. Ogden, 259 Iowa 1126, 1130, 147 N.W.2d 18.

Basically, plaintiff asks that the court determine whether the powers accorded life tenant by decedent's will include authority to encumber the property and if so, the extent, scope and effect thereof.

We hold the meaning of that will, and more specifically paragraphs 5 and 6 there-

of, relative to the question raised by plaintiff's petition, is not so clear and unmistakable as to preclude his right to have benefit of a declaratory judgment. The motion to dismiss was improperly sustained.

For further proceedings consistent herewith this case is

Reversed and remanded.

All Justices concur, except BECKER, J., who takes no part.