FRANK G. PIERCE et al., Appellants, v. HOMESTEADERS LIFE ASSOCIATION, a Corporation, Appellee.

No. 43807.

April 6, 1937.

Ray P. Scott, for appellants.

F. E. Northup and Frank H. Dewey, for appellee.

ANDERSON, J.—This is a law action based upon a certificate of membership issued by the defendant company upon the life of one Nellie L. Pyle Allabaugh. The certificate of membership issued by the defendant company on January 1, 1924, provided that the company would pay to the beneficiaries therein named the sum of $1,000 upon the death of the insured, "provided death occurs prior to the member attaining the age sixty", and the membership certificate contained a further provision as follows: "The contributions and protection cease at age sixty." There was no copy of application for membership attached or made a part of said certificate, and the conceded reason for this is that many years before the issuance of the certificate involved in this suit the insured became a member of a small fraternal insurance society known as the Loyal Legion of Plymouth which was later absorbed by a similar organization known as the Home Guards of the World. The old certificates of the latter organization were taken over by the defendant company and readjustment of the premiums and conditions of the certificates were made on or about January 21, 1924. In other words, Nellie Pyle, the insured, originally made an application for membership in the first or original organization known as the Loyal Legion of Plymouth, and no further or additional application was ever made by her in any of the succeeding organizations. On January 1, 1924, a new certificate was issued to the insured in the defendant company and her old certificate was exchanged therefor. The new certificate, as we have noted, insured Nellie Pyle, not for life, but for a limited term, that is, to the age of sixty years.

It appears from the record that Frank G. Pierce, one of the plaintiffs, and one of the named beneficiaries in the certificate, signed in the name of Mrs. Pyle by himself a readjustment application which was forwarded to the defendant company in which the age of the insured was given as fifty-one years. Later a letter was written by the defendant company addressed to the insured calling attention to the fact that the date of birth was not given in the readjustment application and asking that they be furnished with this information. In answer to this there was written on the bottom of the letter the following: "I was born the 3rd day of March, 1973. Age at nearest birthday fifty-one years. Nellie L. Pyle. By F. G. Pierce." It is disclosed in the record that the year dated "1973" was an error and it should have been "1873". It appears from the record that the plaintiff, Frank G. Pierce, had the certificate here involved in his possession at all times and at all times paid the premiums thereon to a secretary of a local lodge at Marshalltown, Iowa. In September, 1932, an annual premium of $22.30 was thus paid to the local secretary by the said Pierce. Sometime in March, 1933, the defendant company mailed a check for one-half of this premium to the insured at Marshalltown, Iowa, advising her that her certificate had expired by its terms on March 3, 1933, and that the premium paid in September previous was in excess of the amount due under the certificate up to the time of its expiration. This check was returned by the plaintiff, Pierce, with the information that Mrs. Pyle had died on the 10th day of March, 1933, and that no administration was yet had upon her estate, and no one qualified to accept the refund. It appears that the refund was tendered prior to any knowledge or notice on the part of the defendant company of the death of Mrs. Nellie Pyle Allabaugh, the insured. Some months later another check for the refund was mailed direct to the plaintiff, Pierce, and a tender of the amount of such refund with interest was made in the answer filed by the defendant in this case.

The plaintiffs' petition contains the following statement: "That said certificate of membership, Exhibit A, shows that the said Nellie L. Pyle Allabaugh was fifty years of age on January 1, 1924, but that the plaintiffs herein show to the court that they do not know the exact age of the said Nellie L. Pyle Allabaugh, and cannot give the date of her birth, and do not know on what day or month of the year 1933, she became sixty years of age."

The plaintiffs further claim in their petition that by reason of the fact that the defendant company collected, in September, 1932, the full amount of an annual premium and having failed to refund or offer to refund any part thereof until after the death of the insured is estopped from claiming that the certificate was not in full force and effect on the date of the death of the insured, March 10, 1933; and plaintiffs further claim that by reason of the payment of said premium for the full year from September, 1932, that the certificate was in good standing and effect until September, 1933; and that any conditions or provisions in the certificate terminating the certificate at an earlier date were waived. The defendant's answer contains a general denial and an allegation that the certificate in question expired prior to the death of the insured and denied the existence of any waiver or estoppel; and further allege that no sufficient proof had been supplied by the plaintiffs which in any way entitled them to participate in the benefits provided in said certificate.

No evidence was introduced on the part of the defendant. The plaintiff, Pierce, testified on the trial of the case that he could not say when Mrs. Pyle Allabaugh became sixty years of age, and could not give her age at the time of her death; and further testified, "I don't know that I ever did know of my own knowledge." The letter to which was attached the statement, "I was born the 3rd day of March, 1973 (1873)", and which was signed by the plaintiff, Pierce, was shown to him and he admitted making the endorsement and signing the same. He further testified that he evidently made the mistake when he inserted the year 1973, and that it should have been 1873; and he further said that when he made that notation he must have had some information as to the date of the birth of the insured, and that at the time he made the written statement it was to the best of his knowledge at that time, and that since that time he had never received any different information. The insured, Nellie Allabaugh, was the sister of this witness, Pierce. The witness also admitted that about the time of the burial of his sister he signed a statement to the secretary of the cemetery which contained this statement: "Age sixty years, eight days. Place of birth Marshalltown, Iowa. Time of death March 11th." There was no other evidence offered or introduced bearing upon the question as to the age or birthday of the insured.

The plaintiffs take the position that having alleged and

proved the issuance of the certificate of membership and the death of the insured on March 10 or 11, 1933, and that by payment of the premium, they made a prima facie case, and that by reason of the acceptance by the defendant company of the premium covering a period in excess of the date upon which the certificate expired by its terms that the defendant company has waived the expiration date of the certificate and is estopped from denying liability during the period covered by the excess premium payment.

█ █ █ It must be borne in mind that this is not an ordinary life insurance policy. It is a membership certificate issued by a fraternal benefit association, and it is for a specified term. Under the terms of the certificate it expired on the day that the insured attained the age of sixty years. Under a contract of this kind a condition precedent to the right of recovery must be pleaded and proved in order to avail the party seeking recovery. Howe v. Mill Owners Mutual, 241 App. Div. 336, 271 N. Y. S. 639; Dunn v. Standard Life, etc., Ins. Co., 197 Mo. App. 457, 196 S. W. 100; Matthews v. Casualty Co., 78 Ark. 81, 93 S. W. 55; Thompson v. Iowa State Trav. Men's Assn., 179 Iowa 603, 161 N. W. 655.

This is not a case based on any alleged forfeiture of the contract and most of the cases cited by appellants involve the question of forfeiture. This contract expired by limitation and it was incumbent upon the appellants to plead and prove that death occurred before the contract expired or terminated. There was no breach of the conditions of the contract. It was not incumbent upon the defendant to prove the age of the insured at the time of her death, but under the conditions and provisions of the policy it was incumbent upon the appellants to plead and prove that the death of the insured occurred during the time limit as specified in the contract of insurance. There is no contention that the certificate contains any provision or agreement to extend the time of its termination beyond the date fixed therein. The contract in suit contained the definite provision "provided death occurs prior to the member attaining the age sixty." This provision placed a limitation on the certificate which formed a basis of any right to recover thereunder. It is not an exception, but a condition which must prevail before recovery can be had and, therefore, must be established under proper pleadings

and proof.  Levinton v. Insurance Company, 267 Pa. 448, 110 A. 295; Reid v. Ins. Co. (Mo. App.), 24 S. W. (2d) 1086.

In this class of cases it is not enough to allege and prove that the insured was dead, and that his name appeared as insured in an insurance policy, in order to establish a right of recovery.  In case of an accident policy it must be proved that the insured met his death as the result of an accident and while the policy was in force.  Dodder v. Ins. Co., 104 Neb. 70, 175 N. W. 651; Vernon v. Traveling Men's Assn., 158 Iowa 597, 138 N. W. 696; Lockway v. Modern Woodmen, 121 Minn. 170, 141 N. W. 1.

In the case of Reid v. Missouri Life (Mo. App.), 24 S. W. (2d) 1086, 1087, we have a case almost parallel in its facts and in the contentions of the parties with the case at bar.  In the cited case the contract was for a limited term of insurance and by its terms expired September 1, 1928.  The death of the insured occurred some two weeks after its expiration.  And in disposing of the question the Missouri court used the following language:

"It is to be noted that plaintiff's amended petition seeks to recover upon a policy of term insurance which provides that the risk covered only a specified term, namely, in this instance, a period of ten years beginning September 1, 1918, and ending September 1, 1928, as distinguished from that of an ordinary life policy which is an entire and continuous contract for the period of the insured's life, and that the petition contains no allegation that the term policy of insurance sued on contains any provision for extension, conversion, or renewal after the expiration of the term, nor does it allege that the term policy could be extended, or that the policy was renewable; nor is there any allegation of compliance with such requirement, if any, on the part of the insured. * * * Since the contract pleaded in plaintiff's petition limited the term of insurance to expire September 1, 1928, and the death of the insured occurred some two weeks thereafter, and no facts or circumstances being pleaded in the petition from which a new contract to pay in the event of the insured's death after that date can be inferred, no question of waiver or estoppel arises in the case.  The insurer can in no aspect be viewed as having waived any defense to a contract, because there was no contract of insurance at the date of the death of the insured."

In the above case there was also the claim of overpayment of a premium which it was claimed automatically extended the policy beyond its termination date.

It has been repeatedly held that while a forfeiture of benefits contracted for may be waived, the doctrine of waiver or estoppel cannot be successfully invoked to create a liability for benefits not contracted for at all. McCoy v. Association, 92 Wis. 577, 66 N. W. 697, 47 L. R. A. 681, and cases cited.

In Barnett v. Insurance Co., 32 Fed. (2d) 479, 480 (C. C. A. 8th Cir.), the court had under consideration a contract of insurance and one of the defenses was that death did not occur within the period covered by the policy. And the court said:

"This was concededly a policy limiting indemnity not for the death or other disability mentioned, to occurrence within ninety days of the accident. In this case that limit was exceeded by four or five days. This court has sustained a similar clause in accident policies and has limited the recovery accordingly. * * * 'Where the terms of a contract are unambiguous and their meaning is plain, they must be held to mean what they clearly express, and no room is left for construction.' * * * The contention that appellee has waived this defense by the mere filing of a general denial is without merit. It was incumbent upon appellant to plead facts sufficient to bring her within the terms of the policy. In so doing she disclosed that death occurred beyond the limit fixed in the policy contract. In such case, it was neither necessary nor required that appellee should repeat in its answer."

■■■ It is our conclusion that it was incumbent upon the appellant to plead and prove that the death of Mrs. Allabaugh occurred while her certificate of membership was in force and effect. This the appellants failed to do. Indeed, the proof shows that the policy had expired seven or eight days before the death of the insured occurred. There is no contention on the part of the appellants that the death occurred before the certificate expired by its terms, but they claim first, that it is incumbent upon the defendant to prove its expiration and second, that by reason of the over payment of the premium the contract was automatically extended for a period of practically six months after it expired according to its terms. In other words, appellants claim that by reason of such overpayment of the premium a new con-

tract of insurance covering a new and additional period was created or should be implied. We can see no merit in either of appellants' contentions, and are constrained to hold that the trial court was right in sustaining a motion for a directed verdict and dismissing plaintiffs' petition. An affirmance necessarily follows.—Affirmed.

RICHARDS, C. J., and DONEGAN, MITCHELL, KINTZINGER, HAMILTON, PARSONS, SAGER, and STIGER, JJ., concur.