H. M. BUETTNER, Appellee, v. LE MARS MUTUAL INSURANCE ASSOCIATION, Appellant.

No. 44394.

848

DECEMBER 13, 1938.

REHEARING DENIED APRIL 7, 1939.

Shaw & Shaw and Roseberry & Pitts, for appellant.

Kelly & Kelly and A. C. Carmichael, for appellee.

SAGER, C. J.—There is much contention between the parties as to the issues, but in the view we take of the case it will not be necessary to discuss or decide the precise nature of. the pleadings.

Defendant admits the issuance of the policy and the loss but denies liability, on grounds which may be summed up as alleging: (1) That the ownership of plaintiff was not unconditional, as the policy required it to be; (2) that the property was not kept on the location described in the policy but was moved to another; and (3) increased hazard by reason of such removal. For these reasons and the deductions drawn therefrom the policy did not cover the destroyed property and the risks assumed.

The parties argue vigorously about conditions precedent and conditions subsequent, but this, like the discussion of the pleadings, calls for little attention—this because of the theory upon which the case was tried.

The court submitted the case to the jury on the theory upon which it was tried, to wit: Did or did not defendant waive the stipulations and conditions of the policy by its conduct after loss? If the submission on this theory was sound, (and an examination of the record satisfies us that it was), there would

be no profit in scrutinizing what had gone before. The policy undertook to pay, in case of loss, $2,500 on "stock of merchandise consisting chiefly of *New Farm Implements, new and old cars, tools, equipment,* and such other merchandise as is usually kept for sale in an automobile garage and repair shop; and, provided the insured is legally liable therefor, this item shall also cover such merchandise held in trust, or on commission, or sold but not delivered; all only while contained in the above described building. This item shall also cover said merchandise within one hundred (100) feet of the above described building while on sidewalks, streets, alleys, yards, detached platforms and in or on vehicles or railway cars; also on said merchandise while on platforms in contact with above described building." (Italicized portion is the typewritten part.)

As has been said, the loss is admitted, and no question of proof of loss or of its sufficiency is presented. Its value was proven sufficiently as the record is made up.

The case turns on the question raised by the reply, that all the matters asserted as a defense had been waived. Under proper instructions the court presented all the contentions made by the defendant. Thus, it appearing that the plaintiff was not the sole and unconditional owner, he was required to prove by a preponderance of the evidence that the defendant, with full knowledge of the facts in this regard, disclosed to its agent by plaintiff, admitted its liability and waived the provisions of the policy on this point. So, too, with reference to the defense of the location on lot 13 when the policy covered the property only on lots 9 and 10 in Havelock, with the qualification appearing in the portion quoted above.

Plaintiff was held by the instructions to the full measure of proof required by law; and there was excluded from the consideration of the jury, as being waived, anything of which the defendant had full knowledge. The jury was charged in effect that plaintiff must meet every defense of defendant and that he could not recover unless waiver was proven by a preponderance of the evidence.

The court in instruction No. 5 succinctly sums up the focal point in the trial in this language:

"The defendant would not be liable under the policy for tractors kept in any other place, than as provided in the policy,

unless it, with full knowledge of the facts, waived its right to insist that it was not liable for the loss occasioned to these trac-tors because of the provisions of the policy quoted in connection with the second, third, and fourth separate defenses, as set forth in Instruction No. 1. The plaintiff claims that in this connection he and his attorney went to the office of the defendant association in Le Mars, Iowa, and there was a conference between them and R. J. Koehler, the Secretary of the Association; that after a discussion of matters in dispute, the Secretary of the Association, with full knowledge of all the facts, admitted the liability of the association for the loss and requested plaintiff to furnish proof of loss and report on salvage, if any, from the damaged tractors, and if you further find that plaintiff incurred expense in making proofs and obtaining a report as to the salvage, then you will be warranted in finding that the defendant association waived the provisions in the policy set out in connection with the second, third, and fourth separate defenses, to which your attention was directed in Instruction No. 1.''

The second, third, and fourth defenses referred to are: Removal to a location other than that specified in the policy; that the property was not in fact in the location described; and increased hazard, respectively.

■ We are not concerned here with what our own views may be as to the sufficiency of the evidence to sustain the verdict, nor with how we would decide were the matter before us. There was clearly a disputed fact question, which was for the jury, and its decision controls.

■ We do not overlook the complaint of refusal to give a requested instruction, but its substance is fully covered in those given. An examination of the instructions as a whole leaves a distinct impression of fairness, and we find no ground of complaint on the part of defendant.

What has been said disposes of the question raised by the various motions and complaints made by the defendant. If we seem to avoid herein an extensive examination of the points, we confess that it is done advisedly. This cause calls for no pronouncements of value to anyone but the immediate parties thereto. We have given the briefs and arguments of the parties the attention which the diligence and learning of counsel deserve.

Many cases are cited to sustain contentions sound in their

proper application but not pertinent here. For example, defendant quoted from Pierce v. Homesteaders Life Assn., 223 Iowa 211, 217, 272 N. W. 543, 546, this:

"It has been repeatedly held that while a forfeiture of benefits contracted for may be waived, the doctrine of waiver or estoppel cannot be successfully invoked to create a liability for benefits not contracted for at all."

To the same effect are cited many other cases. It seems scarcely necessary to point out that under the record before us, and as the case was tried, the principle announced may be admitted without changing the result.

So, too, are the citations of plaintiff. They announce familiar and well established rules. These cases are cited to support the rule that in cases of doubt a construction favorable to the insured should be adopted; that a company may waive any conditions of the contract in its behalf; that a party may not complain of an instruction which embodies the substance of one asked for.

The parties hereto contend not so much over the rules of law as they do over their correct application.

On a careful examination of the record we are satisfied that the court correctly submitted the issues as the parties made them. It submitted under proper instructions a question of fact properly for a jury to decide. On its decision is based the judgment from which the appeal is taken. Finding no error, the case should be, and it is affirmed.—Affirmed.

MITCHELL, HAMILTON, ANDERSON, DONEGAN, KINTZINGER, and STIGER, JJ., concur.