**COLUMBIA CASUALTY COMPANY,**
Appellant,

v.

**EICHLEAY CORPORATION, Appellee.**
No. 15678.

United States Court of Appeals
Eighth Circuit.
June 7, 1957.

Rehearing Denied July 3, 1957.

Carl H. Lambach, Davenport, Iowa (Margaret Stevenson of Lambach, Kopf, Stevenson & Christiansen, Davenport, Iowa, was with him on the brief), for appellant.

Alex M. Miller, Des Moines, Iowa, for appellee.

Before GARDNER, Chief Judge, WOODROUGH, Circuit Judge, and DONOVAN, District Judge.

1

**WOODROUGH, Circuit Judge.**

It appears from the record in this case that in 1948 the Aluminum Company of America, referred to here as Alcoa, was engaged in constructing a large plant near Davenport in Iowa, and that in November of that year, one Earl Barnes, an employee of a contractor on the job, namely the Central Asbestos and Supply Company was injured through the negligence of Alcoa's servants. Barnes sued Alcoa in the state court and that company requested the appellant Columbia Casualty Company to defend the action. The insurance company refused and on the trial Barnes obtained a judgment amounting, with incidentals, to $26,599.00, and Alcoa paid it. At the time of the accident Alcoa's servants were operating its traveling crane to transport an employee of the contractor Eichleay Corporation, appellee herein, to his work and through their negligent operation injured Barnes. Alcoa claimed that the accident arose out of and was connected with the performance of the asbestos company's contract within the meaning of an indemnity provision in their contract, and undertook to deduct the amount it paid on the judgment from the debt it owed to the asbestos company for that company's work on the plant. The asbestos company denied that the indemnity provision of the contract covered the loss and brought this action against Alcoa for the contract price of the work it had done on the plant. Alcoa alleged a set-off in the amount it had paid on the Barnes judgment and this court decided in Aluminum Company of America v. Hully, 8 Cir., 200 F.2d 257, that the promise of indemnity which the asbestos company had given to Alcoa did cover the loss. This court sent the case back to the District Court for further proceedings consistent with that determination.

After the remand, proceedings were had in the District Court by which Columbia Casualty Company, appellant herein, was adjudged to be liable under policies issued by it to Alcoa, at the instance and cost of the asbestos company, to pay the amount on the Barnes judgment that had been paid by Alcoa. The court found that the Columbia Company was obligated to defend the Barnes suit by the terms of the policies it had issued to Alcoa at the instance and cost of the asbestos company and that although it had been duly called on, it had breached its contract to defend that action. Judgment was accordingly entered against Columbia in favor of Alcoa and Columbia later settled and obtained discharge of that judgment.

Through pleadings and proceedings which are sufficiently indicated in the opinion of the District Court,[1] Columbia claimed that it was entitled to subrogation or in the alternative to contribution from Eichleay and Eichleay's insurance carrier, Hartford Accident and Indemnity Company, in respect to the disbursement it was obliged to make on account of the Barnes judgment, but the court found to the contrary and denied it either subrogation or contribution.

As to Eichleay's insurance carrier, the Hartford Company, the record shows that although that company had been duly made a party to Columbia's third party action and was subjected to the court's jurisdiction by process, it had been finally dismissed from this action on August 2, 1954, and Columbia had taken no steps by appeal or otherwise to restore jurisdiction over it prior to the judgment herein rendered on August 27th, 1956. Accordingly the court properly held that "the question whether [the Hartford Company] is a co-insurer from whom [Columbia] would be entitled to contribution is not before the court."

In response to Columbia's claim for subrogation or contribution from the Eichleay corporation, which is the only remaining issue on this appeal, the court held subrogation against Eichleay to be inapplicable because Alcoa, which Columbia insured under the policies it issued, was primarily liable for Barnes' injuries caused solely by Alcoa's negli-

1. Reported at 143 F.Supp. 508.

gence and subrogation will not be employed to shift the loss where the insured is primarily responsible. It was the contractors who paid Columbia to protect Alcoa in respect to the loss which Alcoa caused and it was Columbia which precipitated the litigation by refusing to defend the Barnes case as it had agreed to do. The court found that there was no other party to the action with whom Columbia is co-obligor to pay the loss of the Barnes action. The loss was one which all parties intended to be borne by insurance and the judgment appealed from accords with such intention.

We find no error in the proceedings and judgment of the District Court which are fully supported by the reasoning of the District Court and the precedents cited in its opinion.

Affirmed.