**IMPERIAL CASUALTY & INDEMNITY COMPANY, a Corporation, Appellant,**

v.

**CAROLINA CASUALTY INSURANCE COMPANY, Appellee.**

No. 19121.

United States Court of Appeals
Eighth Circuit.

Oct. 30, 1968.

Larry E. Welch, Omaha, Neb., for appellant; Joseph H. McGrorarty, Omaha, Neb., on the brief.

Harold W. Kauffman, of Gross, Welch, Vinardi, Kauffman, Schatz & Day, Omaha, Neb., for appellee; Harry L. Welch, Omaha, Neb., on the brief.

Before VAN OOSTERHOUT, Chief Judge and GIBSON, and BRIGHT, Circuit Judges.

FLOYD R. GIBSON, Circuit Judge.

This is a declaratory judgment action to determine rights and liabilities under a liability policy issued by the defendant, Imperial Casualty & Indemnity Company, to Bluffs Motor Xpress, Inc., and presents a question of coverage where the policy issued was not effective to cover the overall trucking operations of the assured. Diversity of citizenship and amount in controversy establishes jurisdiction in the United States District Court for the District of Nebraska.

Chief Judge Richard E. Robinson of the United States District Court for Nebraska, after a trial to the court, entered judgment for the plaintiff, Carolina Casualty Insurance Company, holding that Imperial[1] was responsible for the acts of its agents in issuing a defective policy and the negligence of the agents was sufficient to estop Imperial from asserting an exclusionary clause in the insurance contract. After entry of judgment and the overruling of post-trial motions, defendant Imperial filed this appeal. We affirm.

A review of the factual situation under which the policy in question was issued is necessary for a consideration of the legal issues presented.

Bluffs, a trucking company owned and operated by Clarence Werner, had its headquarters in Council Bluffs, Iowa. On April 8, 1961, Imperial issued its policy to Bluffs covering all operating equipment owned by Bluffs which at that time consisted of three tractors and three trailers. The insurance coverage was solicited by Herluf Christensen and written by Agent Darrah Insurance Company. Previously Christensen had solicited liability insurance from John Werner, a brother of Clarence, on a 1961 GMC tractor and a 1961 Wilson trailer, which unit John operated individually out of Petersburg, Nebraska. He occasionally used the unit on behalf of Bluffs. Christensen and Darrah placed this insurance in Carolina effective March 20, 1961. In May 1961 John Werner decided to quit the trucking business and go back to farming. John turned over his 1961 GMC tractor to Bluffs under an oral lease which obligated Bluffs to make the monthly payment on the tractor mortgage, maintain the tractor in A-1 condition and pay the

---

1. The parties will be referred to by an abbreviated designation or in their status as litigants below.

insurance premiums on the tractor. After the tractor was paid for it was to be returned to John. The 1961 Wilson trailer owned by John was sold outright to Bluffs.

The Carolina policy and the Imperial policy both contained an exclusionary clause in substantially the following language:

"This policy does not apply: * * *

"(c) under coverages A and B while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company; * * *."

Clarence Werner on behalf of Bluffs notified Christensen that it had taken over the equipment from John Werner. Subsequently Bluffs sold the Wilson trailer and replaced it with a Chamberlain trailer. Upon making the replacement Christensen was again notified, and he, through Darrah, added the Chamberlain trailer to the equipment schedule of the Imperial policy. Darrah and Christensen had inspected Bluffs' equipment and operation at the time the Imperial policy was written to ascertain how Bluffs operated their trucks, miles and radius traveled, the value of the loads and in what states permits would be needed. A company like Bluffs, operating and handling perishables, including livestock, could not operate without interchanging tractors and trailers. Darrah and Christensen were aware of this and knew also that the permits in Iowa were on the trailers. They made the filing on the trailers and at that time must have known in filing four trailers, and Imperial covering only three tractors, that Bluffs was using the John Werner tractor to pull one of the trailers insured by Imperial. Darrah as general agent for both insurance companies was an expert in the field of trucking insurance. He is charged with knowledge of the requirement that the same insurance company would have to carry the cover-

age on both the tractor and trailer to provide effective liability insurance. Thus, when the change was made in May of Bluffs acquiring the John Werner tractor and trailer and the subsequent replacement of that trailer with the Chamberlain trailer, all of the insurance on the four tractors and trailers should have been placed in one company. By scheduling the Chamberlain trailer on the Imperial policy the insurance agents made the Carolina policy under its terms useless as there was no trailer insured by Carolina to which the 1961 GMC tractor could attach, and in addition rendered ineffective the Imperial policy when any of the trailers insured under that policy would be used in connection with the 1961 GMC tractor.

On January 9, 1962, an employee of Bluffs, while driving the 1961 GMC tractor insured by Carolina and pulling the Chamberlain trailer insured by Imperial, negligently collided with an automobile driven by Raymond O. Dressler in Omaha, Nebraska. Dressler was killed and considerable damage was done to the South Omaha bridge. Suit was filed in Iowa by the executrix of Dressler and was settled for $23,375 by Carolina. Imperial refused to participate in the defense of the action asserting a lack of coverage by reason of its exclusionary clause. Carolina felt that since the defective coverage was the fault or negligence of the insurance agents for both companies it would be estopped from asserting the exclusionary clause and that, of course, Imperial likewise should be estopped. After effecting the settlement and paying out an additional $394.35 for attorney's fees and expenses on the *Dressler* case, Carolina filed this present action seeking to impose liability on Imperial for two-thirds of the cost and expense of settling the Dressler death claim, the division of liability being in accordance with applicable clauses in each insurance policy and based upon the amount of primary coverage afforded by both policies. The division is not in issue, nor is the amount expended in settlement and expense. Imperial concedes the

expenditures to be reasonable but maintains its policy issued to protect Bluffs, the assured, afforded no coverage because of the exclusionary clause. In addition Carolina's complaint also notes that there is a claim of $5200 being asserted against Bluffs by the State of Nebraska for damage to the South Omaha bridge. .

As Chief Judge Robinson viewed it, "the primary issue for determination here is whether the conduct of Herluf Christensen and the Darrah Insurance Agency precludes the defendant from denying liability coverage under the exclusion." He held on the basis of Hully v. Aluminum Company of America, 143 F. Supp. 508 (S.D.Iowa 1956), aff'd on other issues sub nom Columbia Casualty Company v. Eichleay Corporation, 245 F.2d 1 (8 Cir. 1957), that Imperial was estopped to take advantage of its agents' mistake or negligence in failing to properly handle the coverage that was to be afforded the assured. He reasoned:

"In the instant case, the agents knew that a GMC Tractor had been used with a Wilson Trailer and that both had been insured with Carolina Casualty. They knew that both had come under the control of Bluffs Motor Express whose equipment was insured with Imperial Casualty. They knew that Bluffs was using the GMC Tractor and continued to accept the premiums thereon from Bluffs. They were entrusted with the responsibility of choosing a company in which to place all of the equipment involved including the Chamberlain Trailer. Yet they chose to write the coverage on the new Chamberlain Trailer with Imperial Casualty when they knew or should have known that by placing the trailer with Imperial they had effectively rendered the Carolina policy void and the coverage on the trailer defective. * * * By delivering the Imperial policy under these conditions they represented that it was effective for its intended purpose. Hully v. Aluminum Company of America [supra]. The insured relied on the representation in good faith and was prejudiced thereby. Imperial Casualty is estopped to take advantage of the exclusion to deny its liability."

Imperial, on appeal, contends (1) there is no evidence to support the finding of an estoppel and (2) the doctrine of estoppel is not applicable to prevent an insurance company from relying on an exclusionary clause in its policy.

■■■ 1. The factual finding of the court that "Christensen knew or should have known that by issuing insurance on the new Chamberlain trailer with Imperial that the insurance covering the GMC tractor would not be effective when used with any of the Bluffs' trailers; in effect rendering it useless" is amply supported by the record. On review a finding of fact of the District Court may not be disturbed under Rule 52(a), Fed.R.Civ.P., unless the finding is clearly erroneous. All reasonable inferences drawn from undisputed facts and from the resolution of disputed fact issues are for the trial court, including matters of credibility of the witnesses and the weight to be accorded testimony. And on appeal the evidence, including inferences reasonably drawn therefrom, is viewed in the light most favorable to the prevailing party. Baker v. United States, 343 F.2d 222, 224 (8 Cir. 1965). Applying the "clearly erroneous standard" in this case leaves the factual findings of the District Court intact.

■■■ Under Iowa law, which is applicable as Iowa is the issuing state of the policies, any person soliciting insurance or procuring an application therefor shall·be held to be the soliciting agent of the insurance company.[2] This makes

---

2. The applicable provisions of the Iowa Code 1966 read as follows:

"515.123 Any person who shall hereafter solicit insurance or procure application therefor shall be held to be the soliciting agent of the insurance company or association issuing a policy on such application or on a renewal

both Christensen and Darrah agents for both insurance companies. They knew that the GMC tractor had been used with the Wilson trailer and that both pieces of equipment were insured by them with Carolina. They knew that both had come under the control of Bluffs, whose equipment they had insured with Imperial. They continued to accept the monthly premiums on both policies from Bluffs and yet they negligently placed the coverage on the new Chamberlain trailer, which was a replacement for the Wilson trailer, with Imperial. In doing so they must have known or at least should have known that by placing the trailer with Imperial they had effectively rendered the Carolina policy void and the coverage on the trailer defective. They knew the tractors and trailers operated by Bluffs would be used interchangeably. They were entrusted with the responsibility of securing a policy that would adequately protect the assured in its operations and by delivering the Imperial policy, which was their own selection, they represented that it was effective for its intended purpose. The knowledge of these agents is imputed to the insurance companies, and both Carolina and Imperial are estopped from asserting the exclusionary clause that would deny coverage under these circumstances.

2. Imperial maintains the District Court misconceived or misconstrued the Iowa law and that coverage under an insurance contract cannot be extended by estoppel. It cites Pierce v. Homesteaders Ins. Ass'n, 223 Iowa 211, 272 N.W. 543 (1937); Richardson v. Iowa State Traveling Men's Ass'n, 228 Iowa 319, 291 N.W. 408 (1940); Randolph v. Fireman's Fund Insurance Co., 255 Iowa 943, 124 N.W.2d 528, 8 A.L.R.3d 907 (1963); Mallinger v. State Farm Mutual, 253 Iowa 222, 111 N.W.2d 647 (1961); Manufacturers & Merchants Indem. Co. v. Claman, 96 F.Supp. 385 (S.D.Iowa 1951).

Pierce held that "estoppel cannot be successfully invoked to create a liability for benefits not contracted for at all." (272 N.W. p. 546)—in a factual situation where a membership certificate in a fraternal benefit association only agreed to cover the insured up to age sixty; and further said it was incumbent upon the beneficiary to prove that the death of the assured occurred before the contract terminated. Richardson gave effect to a policy exclusion of death caused by aerial conveyance. Randolph merely found that the payment of a small claim under a farmers comprehensive personal liability policy did not constitute a waiver or estoppel extending the policy coverage to unlisted farm employees. Mallinger gave effect to an exclusionary clause excluding coverage on accidents occurring while assured operated a farm tractor owned by him or a relative on a public highway, finding no repugnancy or fraud in the policy. Manufacturers & Merchants Indemnity Company follows the above line of cases in stating that while there may be a waiver in matters of forfeiture the courts are unwilling to utilize estoppel to create a new contract.

We are of the opinion the above cases are not applicable to the present factual situation as in none of these cases did the insurance company or its agents represent or undertake to supply a policy that would cover the assured's business operation and accept premiums sufficient for such coverage. Furthermore, the facts do not present a sound basis for a finding of estoppel in any of the above cases.

Imperial also contends that in Iowa knowledge of the agent that the insured might violate terms of an insurance contract in the future is not knowledge to the company, citing House v. Security

thereof, anything in the application, policy, or contract, to the contrary notwithstanding.
"515.124 The term 'agent' used in the foregoing sections of this chapter shall include any other person who shall in any manner directly or indirectly transact the insurance business for any insurance company complying with the laws of this state."

Fire Insurance Company, 145 Iowa 462, 121 N.W. 509 (1909).

■ This argument ignores the distinction between knowledge of possible future violations from knowledge of existing or past conditions. That same case cited with approval, Wensel v. Property Mutual Insurance Ass'n of Waterloo, 129 Iowa 295, 105 N.W. 522 (1906), stating at 512 of 121 N.W., at 523 of 105 N.W.:

> " '[I]f the agent of an insurance company has knowledge of past conditions or existing facts avoiding a policy which is secured by him, by reason of such facts being within certain prohibitions which presently avoid the policy, the company * * * with this knowledge on the part of its agent cannot insist upon these facts for the purpose of avoiding liability.' "

In addition we think that knowledge of an insurance agent of the assured's requirements is imputed to the insurance company and that the District Court properly conceived Hully v. Aluminum Company of America, 143 F.Supp. 508 (S.D.Iowa 1956), aff'd on other issues sub nom Columbia Casualty Company v. Eichleay Corporation, 245 F.2d 1 (8 Cir. 1957), as stating the Iowa law. Judge Davies in his district court opinion in *Hully* reviewed the Iowa law on estoppel and concluded at 513 of 143 F.Supp. 508:

> "An insurance company is estopped to take advantage of a condition which its agent by mistake or negligence had failed to handle properly in the policy. * * * The mistake or negligence of the agent within the scope of apparent authority is the responsibility of the insurance company. * * * Where the company or its agent delivers to the insured a policy which is known, or should be known, to be defective, such conduct is a representation that the policy is valid and effective for the purpose intended. * * * And the insured, if he is ignorant of the defect and has no special competence or experience in insurance matters, is privileged in Iowa to rely upon that representation without reading or being charged with knowledge of the contents of the policy. * * * The insured, by trusting in the skill and competence of the agent and paying the premiums for expected protection, would be prejudiced if the insurance company were allowed to assert the condition avoiding liability. * * *" (All citations omitted).

Imperial further contends that fraud either in intent or result is an essential element of estoppel. While there was no fraudulent intent in this case, a fraudulent result did occur if Imperial is allowed to assert the policy exclusion, as Imperial's own agent accepted premiums for a total coverage of Bluffs' operations and purported to afford Bluffs adequate coverage for its operations within the liability amounts of the policy. We, however, need not pursue this point as we think the negligence of an agent is a sufficient basis for estoppel. Sanborn v. Maryland Casualty Company, 255 Iowa 1319, 125 N.W.2d 758 (1964); 31 C.J.S. Estoppel § 59, p. 367. We are in agreement with Carolina's assertion that the coverage question only arose in this case because of the negligent actions of Christensen and Darrah, the agents and representatives of both Carolina and Imperial; and that the negligence of these agents in handling the placement of coverage should be borne by the companies involved and not by the insured who paid for coverage of all tractors and all trailers utilized in its operation.

Our decision is not only in accord with the applicable Iowa law as interpreted by the District Judge but finds support in Henry v. Southern Fire and Casualty Company, 46 Tenn.App. 335, 330 S.W.2d 18 (1958) applying the doctrine of estoppel to the same type of exclusionary clause; and in Poole v. Travelers Insurance Company, 130 Fla. 806, 179 So. 138 (1938). Imperial's position is supported by Hartford Accident and Indemnity Co. v. Lockard, 239 Miss. 644, 124 So.2d 849 (1960) where a divided court refused to apply estoppel to an exclusionary clause. Although *Hartford*

is distinguishable in some respects, we think that it states a minority viewpoint, lacks equity and does not state a preferred view of the law on this issue.

Judgment affirmed.