# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

Nos. 00-3919NI, 00-3920NI
_____

_____

No. 00-3919NI

_____

Rapid Leasing, Inc.,

        Plaintiff-Appellant,

Calvin Veasley and Sharon Veasley,

        Intervenor Plaintiffs,

    v.

National American Insurance Company,

        Defendant-Appellee.

----------------------------------

CRST, Inc.,

        Plaintiff,

Rapid Leasing, Inc.,

        Intervenor Plaintiff-Appellant,

    v.

National American Insurance Company,

On Appeal from the United States District Court for the Northern District of Iowa.

|                                          |   |                              |
|------------------------------------------|---|------------------------------|
|                                          | * |                              |
| Defendant-Appellee.                      | * |                              |
|                                          | * |                              |
| _____                              | * |                              |
|                                          | * |                              |
| No. 00-3920NI                            | * |                              |
|                                          | * |                              |
| _____                              | * |                              |
|                                          | * |                              |
| Rapid Leasing, Inc.,                     | * |                              |
|                                          | * |                              |
| Plaintiff,                               | * |                              |
|                                          | * |                              |
| Calvin Veasley and Sharon Veasley,       | * |                              |
|                                          | * |                              |
| Intervenor Plaintiffs,                   | * |                              |
|                                          | * |                              |
| v.                                       | * | On Appeal from the United    |
|                                          | * | States District Court        |
| National American Insurance Company,     | * | for the Northern District    |
|                                          | * | of Iowa.                     |
| Defendant.                               | * |                              |
|                                          | * |                              |
| ----------------------------------       | * |                              |
|                                          | * |                              |
| CRST, Inc.,                              | * |                              |
|                                          | * |                              |
| Plaintiff-Appellant,                     | * |                              |
|                                          | * |                              |
| Rapid Leasing, Inc.,                     | * |                              |
|                                          | * |                              |
| Intervenor Plaintiff,                    | * |                              |
|                                          | * |                              |
| v.                                       | * |                              |
|                                          | * |                              |
| National American Insurance Company,     | * |                              |
|                                          | * |                              |
| Defendant-Appellee.                      | * |                              |

_____

Submitted: June 13, 2001

Filed:   August 27, 2001

_____

Before McMILLIAN and RICHARD S. ARNOLD, Circuit Judges, and
    ROSENBAUM,[1] District Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.

Rapid Leasing, Inc. (Rapid), and CRST, Inc., appeal the District Court's[2] judgment in favor of National American Insurance Company (NAICO). NAICO denied coverage under an automobile liability insurance policy when a tractor-trailer owned by Rapid and leased to CRST was involved in an accident.  We affirm.

I.

Rapid leased tractor-trailers to CRST, and CRST leased the services of drivers from Lincoln Sales and Service.  CRST and Lincoln are subsidiaries of CRST International, Inc., and Rapid is a subsidiary of Lincoln. In 1989, NAICO issued an automobile liability excess insurance policy to CRST, CRST International, Rapid, and Lincoln.  Under the terms of the policy NAICO covered claims exceeding $750,000. NAICO also provided the group with a workers compensation liability insurance policy.  In 1990, both policies were renewed.

_____

[1]The Hon. James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

[2]The Hon. Edward J. McManus, United States District Judge for the Northern District of Iowa.

Calvin Veasley was a Lincoln employee on loan to CRST as a tractor-trailer driver. Mr. Veasley was a passenger in the tractor-trailer when it was involved in an accident, and he was seriously injured. Mr. Veasley and his wife filed a tort action against Rapid, CRST, Lincoln, and CRST International in an Iowa state court. The court granted the defendants' motion to dismiss, holding that Rapid and Lincoln were a single entity, and that both were Veasley's employer; thus, a tort action was barred by the workers compensation law. Mr. Veasley appealed to the Iowa Supreme Court, which reversed and held that Rapid was a separate entity, that the workers compensation bar did not apply, and that Rapid was subject to suit.[3]

Rapid advised NAICO of Mr. Veasley's suit. After five years of litigation, and one month before trial, NAICO sent Rapid a letter denying coverage on the basis of an exclusion in the self-insured retention endorsement (the "SIR endorsement"). Section IV(C) of the SIR endorsement excludes all claims "under Coverage A,[4] to bodily injury . . . of any employee of any Insured arising out of and in the course of his employment by any Insured." Joint Appendix (JA) 108. Additionally, NAICO stated that coverage was denied because Lincoln, Veasley's employer, might be held liable under workers

---

[3]Veasley v. CRST Int'l, Inc., 553 N.W.2d 896 (Iowa 1996).

[4]Coverage A applies to bodily injury liability, which is defined as

> loss sustained by the Insured on account of liability imposed upon the Insured by law for damages, including damages for care and loss of services, on account of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of any covered automobile.

JA 106.

-4-

compensation laws.  JA 165-66.  Rapid proceeded to trial but eventually settled the claim.

Rapid filed this suit in the District Court[5] seeking a declaratory judgment as to its rights under the policy.  It asserted that the policy issued by NAICO did not contain the SIR endorsement, and that if the SIR endorsement formed a part of the policy, it rendered the policy ambiguous.  Alternatively, Rapid asserted that coverage should be afforded under the doctrines of waiver, estoppel, and reasonable expectations.  Alleging that NAICO acted in bad faith and was stubbornly litigious, Rapid sought compensatory and punitive damages.

Pursuant to a lease agreement between CRST and Rapid, Rapid demanded indemnification from CRST for costs it incurred settling and defending the Veasley claim. CRST demanded coverage of Rapid's indemnification claim from NAICO under the terms of the same insurance policy.  The Truckers Coverage Form in the policy excludes "[l]iability assumed under any contract or agreement.  But this exclusion does not apply to liability for damages:  Assumed in a contract or agreement that is an 'insured contract.' "  JA 87.  The Form defines an insured contract to include

> That part of any other contract or agreement pertaining to your business under which you assume the tort liability of another to pay damages because of "bodily injury" or "property damage" to a third person or organization, if the contract or agreement is made prior to the "bodily injury" or "property damage."  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

---

[5]Diversity of citizenship provided subject-matter jurisdiction in the District Court: Rapid is a Montana corporation; CRST and Lincoln are Iowa companies; NAICO is a Nebraska company with its primary place of business in Oklahoma; and, there is more than $75,000 in controversy.

An "insured contract" does not include that part of any contract or agreement:  1.  That pertains to the loan, lease or rental of an auto to you.

JA 113.

An endorsement to the Truckers Coverage Form amends the definition of an insured contract to include "[t]hat part of any contract or agreement entered into, as part of your business, by you or any of your employees pertaining to the rental or lease of any 'auto'."  JA 104.  It also amends the definition to exclude coverage for that part of any contract or agreement that "pertains to the loan, lease or rental of an 'auto' to you or any of your employees, if the 'auto' is loaned, leased or rented with a driver."  Id. Section IV(A) of the SIR endorsement excludes coverage for liability assumed by the "Insured under any contract or agreement."  JA 108.

NAICO refused coverage and CRST filed suit.  The District Court consolidated the two cases for trial.  After a bench trial, the Court ruled for NAICO on all claims. The Court held that the policy provision excluded coverage for the ". . . bodily injury . . . of any employee of any Insured arising out of and in the course of his employment by any Insured" and therefore precluded both Rapid's and CRST's claims.  The Court also held that neither Rapid nor CRST had established the basis for the application of the doctrines of estoppel or reasonable expectations.  This appeal followed.

II.

A.  Rapid

On appeal, Rapid advances several arguments.  Rapid argues that either the SIR endorsement was not a term of the insurance contract, or, if it was, it rendered the policy ambiguous and eviscerated all other provisions and coverage.  Rapid also argues that the District Court erred (1) in holding that it had not established the basis for the

application of the doctrines of estoppel and reasonable expectations, and (2) in failing to address the issues of waiver, implied warranty, NAICO's bad faith, or whether NAICO had been stubbornly litigious.

First, Rapid argues that even though the District Court determined that the SIR endorsement was included in the papers NAICO represented to be the policy, the endorsement was not a *term* of the insurance contract. Rapid cites Essex Ins. Co. v. Fieldhouse, Inc., 506 N.W. 2d 772, 776 (Iowa 1993), for the proposition that "[to] be effective, an endorsement must be made a part of the policy and incorporated by reference." According to Rapid, the SIR endorsement is not referred to on the declarations page, and it has no form number, no edition number, and no dates indicating when it was promulgated. It is not countersigned, and it does not refer to any particular parties. Thus, Rapid argues, the SIR endorsement may be a part of the policy, but it was not incorporated by reference, and therefore it is not a term of the contract. We disagree.

The construction and legal effect of a written contract are questions of law we review de novo. United Fire & Cas. Co. v. Gravette, 182 F.3d 649, 654 (8th Cir. 1999). While Essex makes clear that an endorsement is effective when it is made part of the policy and incorporated by reference, it is also clear that an endorsement need not be attached *and* incorporated by reference to be effective. See Imperial Cas. & Indem. Co. v. Mutual Fire and Auto. Ins. Co., 252 F. Supp. 906, 909 (S.D. Iowa 1966) (interpreting Iowa law) (stating as a general rule "an endorsement attached to an insurance policy is a part of that policy"); Motor Vehicle Cas. Co. v. LeMars Mut. Ins. Co. of Iowa, 254 Iowa 68, 116 N.W.2d 434, 436 (1962) (same); Hawkeye Clay Works v. Globe & Rutgers Fire Ins. Co., 202 Iowa 1270, 211 N.W. 860 (1927) (holding endorsement attached to face of policy became part of the contract).

Here, the District Court held that the SIR endorsement was a provision of the policy. Implicit in this conclusion is the Court's finding that the SIR endorsement was

physically attached to the policy and its legal determination that it was a term of the contract. In light of evidence that both in the Veasley suit and in this case in the District Court, Rapid submitted a copy of the insurance policy which contained the SIR endorsement, we hold that the Court's finding that the SIR endorsement was physically attached to the policy was not clearly erroneous. See Duffie v. Deere & Co., 111 F.3d 70, 72 (8th Cir. 1997) (standard of review).

Neither is the fact that the SIR endorsement is not countersigned fatal to its inclusion in the policy.

> If an 'endorsement is physically attached to an insurance policy contemporaneous with its execution, and is delivered to the insured as attached, and sufficient reference is made in either the policy or the attached matter to identify the papers as related, the fact that the matter so attached is without the signature of the insurer or its authorized agents will not preclude its inclusion and construction as a part of the insurance contract.'

Essex, 506 N.W.2d at 777 (quoting 13A John Alan Appleman & Jean Appleman, *Insurance Law and Practice* § 7538, at 163-64 (1976)).

A NAICO employee testified that she remembered typing the SIR endorsement as a part of the 1989-90 NAICO policy. CRST's insurance agent testified that he delivered the policy with the SIR endorsement to CRST. What is more, the 1990-91 policy refers to the SIR endorsement. Paragraph 35 of a document titled "Common Policy Conditions" contains a provision entitled "Self-Insured Retention Endorsement." JA 124. This provision expressly provides that "In the event of conflict with any provision elsewhere in the policy, the provisions of this Endorsement shall control the Application of Insurance to which the policy applies." Id. Thus, because it was physically attached to and referred to in the policy, we hold that the SIR endorsement was a term of the insurance contract.

Next, Rapid contends that the policy is ambiguous, and that the District Court should have considered extrinsic evidence to determine whether or not the policy covered Rapid's claim. An insurance policy is ambiguous if a reasonable person would read more than one meaning into the words. Farm & City Ins. Co. v. Anderson, 509 N.W.2d 487, 491 (Iowa 1993). " 'Ambiguity exists if, after the application of pertinent rules of interpretation to the policy, a genuine uncertainty results as to which one of two or more meanings is the proper one.' " Essex, 506 N.W.2d at 776 (quoting A.Y. McDonald Indus., Inc. v. Insurance Co. of North America, 475 N.W.2d 607, 618 (Iowa 1991)). Moreover, "mere conflict [between provisions] does not, in and of itself, serve to create uncertainty or ambiguity." Small v. Ogden, 259 Iowa 1126, 1131, 147 N.W.2d 18, 21 (1966).

After reviewing the policy, we do not think that it is ambiguous. The Truckers Coverage Form excludes coverage for bodily injury to "[a]n employee of *the* 'insured' arising out of and in the course of employment by *the* 'insured.' " JA 86 (emphasis added). On the other hand, section IV(C) of the SIR endorsement excludes coverage for bodily injury to "*any* employee of *any* Insured arising out of and in the course of his employment by *any* Insured." JA 108 (emphasis added). This exclusion casts, if anything, a broader net than does the exclusion contained in the Truckers Coverage Form. The Truckers Coverage Form serves to exclude claims arising out of and in the course of an employee's employment with his employer/insured. These claims might also be covered under the workers compensation insurance policy provided by NAICO. In contrast, the SIR endorsement excludes coverage of claims arising out of or in the course of an employee's employment even if he is temporarily working for another insured company. Even though the SIR endorsement may redundantly exclude some of the same claims as the Truckers Coverage Form exclusion, that does not render the policy ambiguous. In fact, even if the two exclusions were in direct conflict, the exclusion in the SIR endorsement would prevail. See Motor Vehicle Cas. Co., 254 Iowa at 72, 116 N.W.2d at 437 (holding excess clause in endorsement prevailed over

conflicting pro rata clause in policy).  Thus, we hold that the policy is unambiguous and the SIR endorsement excludes Rapid's claim.

Next, Rapid argues that the SIR exclusion does not control because its application defeats Rapid's reasonable expectations.  The reasonable-expectations doctrine applies when the policy is such that an ordinary non-expert would misunderstand the policy's coverage or there are circumstances attributable to the insurer which would foster coverage expectations. Clark-Peterson Co. v. Independent Ins. Assoc., 492 N.W.2d 675, 677 (Iowa 1992).  Here, Rapid claims that it reasonably expected to receive a standard Truckers Coverage policy with a standard self-insured retention endorsement unlike the endorsement at issue here.

In Iowa the doctrine of reasonable expectations "seeks to avoid the frustration of an insured's expectations notwithstanding policy language that appears to negate coverage."  Monroe Co. v. International Ins. Co., 609 N.W.2d 522, 526 (Iowa 2000).  An insured can use the doctrine to invalidate an exclusion that "(1) is bizarre or oppressive, (2) eviscerates a term to which the parties have explicitly agreed, or (3) eliminates a dominant purpose of the policy."  LeMars Mut. Ins. Co. v. Joffer, 574 N.W.2d 303, 311 (Iowa 1998).  However, the Iowa Supreme Court has held that "the doctrine will not be applied to cases in which an ordinary layman would not misunderstand the extent of the coverage provided from a reading of the policy and there are no circumstances attributable to the insurer that would foster coverage expectations beyond that which is provided."  Monroe Co., 609 N.W.2d at 526.  Such is the case here.  A reading of the policy would have revealed the exclusion in section IV(C) of the SIR endorsement.  Moreover, there is no evidence that NAICO led Rapid to believe that the policy provided broader coverage than the policy language specified.  Thus, the doctrine of reasonable expectations does not apply.

Likewise, Rapid's theories of estoppel and waiver cannot avail.  Neither waiver nor estoppel may be used to extend coverage where it is expressly excluded in the

-10-

policy. See <u>Randolph v. Fireman's Fund Ins. Co.</u>, 255 Iowa 943, 950, 124 N.W.2d 528, 531-32 (1963) (holding that implied waiver, based upon the conduct or action of the insurer, cannot "bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom") (quoting 29A Am. Jur., Insurance, § 1135, at 289); <u>Richardson v. Iowa State Traveling Men's Ass'n</u>, 228 Iowa 319, 328, 291 N.W. 408, 412 (1940); <u>Pierce v. Homesteaders Life Ass'n</u>, 223 Iowa 211, 272 N.W. 543, 545 (1937). Rapid's brief refers to the doctrine of implied warranty but it does not set forth an argument on the issue. Consequently, we do not consider the doctrine's application, if any, to this case.

## B. CRST

CRST asserts that the insurance policy affords coverage of its claim because its lease agreement with Rapid was an insured contract which fell under an exception to the policy's contractual liability exclusion. CRST also argues that section IV(C) of the SIR endorsement does not apply to its claim because that exclusion applies to claims arising out of tort and CRST's claim arises out of contract. Likewise, CRST contends that the District Court erred in holding that (1) the SIR endorsement was a provision of the contract,[6] (2) the insurance contract was unambiguous, and (3) CRST failed to establish the basis for the application of the reasonable expectations doctrine. We respectfully disagree.

We hold that the CRST-Rapid lease agreement was not an insured contract under Iowa law, because it was not specific enough to create an obligation in CRST to indemnify Rapid against Rapid's own negligence. "[A]n indemnity agreement generally will not be construed to cover losses to the indemnitee caused by his own negligence. In order to do so the agreement must be clear and unequivocally expressed." <u>Evans v. Howard R. Green Co.</u>, 231 N.W.2d 907, 916 (Iowa 1975); <u>Herter v.</u>

---

[6]We have already resolved this issue.

-11-

Ringland-Johnson- Crowley Co., 492 N.W.2d 672, 674 (Iowa 1992).  "General, broad and all-inclusive language is insufficient for the purpose." Evans, 231 N.W.2d at 916.

The CRST-Rapid lease agreement provides:

> Indemnity.  Lessee shall indemnify Lessor against, and hold Lessor harmless from any and all claims, actions, suits, proceedings, costs, expenses, damages and liabilities, including, but not limited to, reasonable attorneys fees and court costs arising out of, connected with, or resulting from the equipment, including without limitation the manufacture, selection, delivery, possession, use, operation or return of the equipment.

JA 26.

Rapid seeks indemnification for amounts it paid in defense and settlement of Mr. Veasley's negligence claim.  Therefore, Rapid seeks indemnification for losses it suffered because of its own negligence.  The language in the indemnification provision is insufficiently clear to cover losses to Rapid caused by its own negligence.  The indemnification provision at issue here is unlike the ones enforced in Thornton v. Guthrie Co. Rural Elec. Coop. Assoc., 467 N.W.2d 574, 577 (Iowa 1991) (indemnification provided "regardless of whether [losses] were caused in part by a party indemnified hereunder"), Payne Plumbing & Heating Co. v. Bob McKines Excavating & Grading, Inc., 382 N.W.2d 156, 160 (Iowa 1986) (subcontractor agrees to indemnify contractor "regardless of whether or not [loss or damage] is caused in part by a party indemnified hereunder"),  Hysell v. Iowa Pub. Serv. Co., 534 F.2d 775, 785 (8th Cir. 1976) (applying Iowa law) (party agreed to indemnify city for loss or damage that occurred "through any excavation, structure, or device of any kind, made, placed or permitted to exist by" the city), or Employers Mut. Cas. Co. v. Chicago & North Western Transp. Co., 521 N.W.2d 692, 694 (Iowa 1994) ("Licensee forever indemnifies the Railway Company against and agrees to save it harmless from any and

-12-

all claims . . . even though the operation of the Railway Company's railroad may have caused or contributed thereto").

In fact, the language here is more akin to the language considered too general in Evans and Trushcheff v. Abell-Howe Co., 239 N.W.2d 116 (Iowa 1976). The agreement in Trushcheff provided:

> It is understood and agreed that the Sub-Contractor will indemnify and save harmless the General Contractor and the Owner from and against any and all claims for injury or death to persons or damage to property (including cost of litigation and attorneys' fees) in any manner caused by, arising from, incident to, connected with or growing out of the work to be performed under this contract regardless of whether such claim is alleged to be caused, in whole or in part, by negligence or otherwise on the part of the Sub-Contractor, its employees, agents or servants.

Trushcheff, 239 N.W.2d at 134. Similarly, the agreement in Evans provided,

> In the event of any suit against the Owner, its officers, engineers, or employees on account of any alleged act or omission of the Contractor, the Contractor shall defend said suits and shall pay any and all judgments or settlements resulting therefrom and failing so to do, any judgments against or settlements made on account thereof shall become a lien against any funds due the Contractor and may be held by the Owner from any funds due the Contractor.

Evans, 231 N.W.2d at 915-16.

Neither does the language in the indemnification provision here evidence a clear *intent* to indemnify Rapid for its own negligence. See Hysell, 534 F.2d at 785 (stating "a contract need not expressly specify that it will operate to indemnify a party for its own negligence if the clear intent of the language is to provide such indemnification").

Since the indemnification provision is ineffective, CRST is not contractually obligated to assume the "tort liability of another," and the lease agreement is not an insured contract. Thus, CRST's claim for liability assumed under the CRST-Rapid lease agreement is excluded by the policy.

Since we have determined that the CRST-Rapid lease agreement was not an insured contract under Iowa law, and since CRST's assertions of ambiguity depend on the definition of an "insured contract" under the  policy, we hold that the policy unambiguously excludes coverage. Also, for the same reasons that the doctrine of reasonable expectations does not apply to Rapid , we hold it does not apply to CRST.

Because our holding disposes of CRST's claim, we do not address its remaining assignments of error on appeal.

## III.

For the foregoing reasons, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.